## HOME INS. CO., NEW YORK, v. PRIVITT et al.

### No. 13785.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 16, 1938.

Rehearing Denied Oct. 14, 1938.

William H. Neary, of Dallas, and Ned McDaniel, of Wichita Falls, for appellant.

Napier & Napier, of Wichita Falls, for appellees.

BROWN, Justice.

Appellees, Claude Privitt and his mother, Mrs. Ada Privitt, who was joined by her husband, brought suit against appellant on what is known as a Texas Standard Fire Insurance policy, covering certain buildings and certain personal property supposed to be located in the building. It is a joint policy, and same specifically provides that the insurance is contracted for on the building "while occupied by owner and not otherwise as a dwelling, and situated as follows." The contract contains the sole and unconditional ownership clause and all of the other clauses in the Texas Standard Fire Insurance policy.

A fire having occurred, which destroyed the insured building, and the personal property contained therein, and the insurance company having declined to pay therefor, appellees brought suit.

Proper allegations of a defensive nature having been made by the insurance company, appellees sought to reform the policy and to recover upon the contract as reformed. The purpose of this attempt was to show that the ownership of the real property was in Mrs. Ada Privitt, while the title to the personal property was in Claude Privitt, and further, to permit recovery in the event the property was occupied by either the owner or by tenants. The insurance company further pleaded that the property was unoccupied and had been vacant just prior to the fire for such a period as would bar recovery under the terms of the policy.

The case was tried to the court without a jury, and judgment was rendered reforming the policy so as to read that the insurance covers the building "while occupied by owner or tenant and not otherwise as a dwelling." And the contract was further reformed so as to show that Claude Privitt was the sole owner of the personal property referred to therein, and Mrs. Ada Privitt the sole owner of the houses described therein.

The court rendered judgment for Mrs. Ada Privitt for the destruction of the houses, and for Claude Privitt for the destruction of the personal property, and the judgment further recites that "it appearing to the court that the plaintiffs have heretofore executed a written assignment in favor of the intervener, Clyde Suddath, for the sum of $77.50, which amount is admitted to be just and owing by the said plaintiffs to the said intervener, it is therefore ordered, adjudged and decreed that the said intervener do have and recover of and from the defendant the sum of $77.50 * * *, which sum shall be deducted proportionately from the respective sums decreed to the plaintiffs herein."

Exception to this judgment was taken by the insurer, and the cause appealed to this court.

We do not believe that appellees' pleadings are sufficient to raise the issue of a reformation of the instrument relied upon. All of the allegations seeking such reformation are found in paragraph 8 of the petition, through which recovery is sought, and they are as follows:

"The plaintiffs allege that at the time they procured said policy they fully informed the defendant's agent, Suddath, that said houses were to be used as tenant houses, as well as a dwelling for themselves, and at the time, said houses were then occupied by tenants, and the defendant is now estopped to defend upon the ground that said house was used as a tenant house and has waived that defense; that said policy names the plaintiffs, Mrs. Ada Privitt, and Claude Privitt, as owners of the property insured; that in truth and in fact the two houses described in said policy were when said policy was applied for and issued, and at all times since, the property of the plaintiff, Mrs. Ada Privitt; that the household goods described in said policy were at said time the property of the said Claude Privitt; that the plaintiffs at the time said policy was applied for and before the same was issued, fully informed the defendant's said agent as to the title to said property as aforesaid, and the plaintiffs believed that the said agent would issue said policy accordingly; that said policy was never delivered to the plaintiffs, notwithstanding the said Claude Privitt, who was at all times acting for himself and his mother, Mrs. Ada Privitt, requested the said agent to give him the policy, but was informed by the agent that it was proper and customary for him, the agent, to retain the policy, and the said agent did retain the policy during all of the times since the date of its issuance until after the fire occurred, and that neither of the plaintiffs ever saw the policy or knew any of its contents until after said fire occurred, and they were never informed that said policy did not clearly set out the respective interests of the said plaintiffs in said property, and the plaintiffs allege that by reason of the foregoing allegations they are entitled to have said policy reformed so as to show that the said Mrs. Ada Privitt is the sole owner of the two houses described in said policy and the said Claude Privitt is the sole owner of the personal property described in said policy, and further reformed so as to show that said property was to be occupied by owner or tenant."

No authorities are necessary to support the simple statement that, in order to reform an instrument on which suit is brought, the pleading should clearly show fraud, accident or mistake in the preparation of the instrument. The mistake thus relied upon must be a mutual mistake. In some cases mistake on the part of one of the parties is sufficient, provided it be attended by fraud on the part of the other party to the contract. After all is said, this is no more than fraud.

We do not believe the pleading relied upon is sufficient to raise the issue of fraud, accident or mutual mistake. Furthermore, we are of opinion that the evidence introduced by the appellees is not sufficient to raise the issue of fraud, accident or mutual mistake. The only evidence introduced for the purpose of showing any reason for or right to reform the insurance contract comes from the lips of Claude Privitt. We hold that this evidence does not tend to show that the agent who issued the insurance policy was guilty of fraud, or that the writing of the instrument in the manner and form in which it was written was done through a mutual mistake made by the agent and Claude Privitt, who sought the insurance contract.

We do not understand why the agent who issued the policy and who was evidently available as a witness did not testify on the trial of this case. Of course, it was the privilege of either or both parties to call him as a witness, and we are not criticizing the parties for not doing so, but we think his testimony, which may be had, is indispensable if the contract is to be reformed; in the light of the evidence before us now. Fire Association of Philadelphia v. Hinton, Tex.Civ.App., 298 S.W. 178; Delaware Ins. Co. v. Hill, Tex.Civ. App., 127 S.W. 283, writ denied; Merchants' & Manufacturers' Inter-Ins. Alliance v. Hansen, Tex.Civ.App., 258 S.W. 257.

In view of the provisions of the contract, we do not believe that there is any merit in the contention that the testimony tending to show the replacement value of the personal property destroyed, was inadmissible. American General Ins. Co. v. Bell, Tex.Civ.App., 116 S.W.2d 877.

Furthermore, Claude Privitt made a statement concerning the occupancy of the property, in which he said that the house was last rented to a Mr. Moore, who vacated the property six weeks prior to the fire; that Moore was the last tenant who occupied the house, and that he had talked to several people about renting the premises after Moore moved out, but up to the time of the fire, same was not rented and was unoccupied. This statement was sworn to before and was made in the presence of the

county judge of Clay County, in which the premises were situated, and in the presence of the county attorney of such county. For the purpose of avoiding the effect of this solemn statement so made by Claude Privitt, on the trial he testified that he had been on a drunken spree, and sought to show that he either did not know what was in his statement, or that he had not made the statements so subscribed to by him under oath.

In the first place, Privitt's testimony is not clear and unequivocal on the matter, but is evasive, and he does not attempt to say with positiveness that he made no such statement. The county judge and the county attorney both testified positively that he did make the statements; that he read the statements over after they were transcribed, and that he signed and swore to the same. These same witnesses testified positively that Privitt was not drunk and was not incapacitated at the time the statements were made.

We hold that the preponderance of the credible testimony is in favor of the appellant on these matters, and we especially call attention to the fact that Privitt's mind was clear enough at the time for him to withdraw from this statement certain other statements that he made, which were being taken down by a competent stenographer, and which statements showed that he had placed the title to his property in the name of another person, for the purpose of concealing his ownership from the United States Government.

We find no plea of intervention on the part of the assignee for whom judgment was rendered by the trial court, and the judgment appears in that respect to be wholly unsupported by pleading.

We are inclined to the opinion that justice may best be served by remanding this cause for another trial.

For the reasons given, judgment of the trial court is reversed, and the cause is remanded.

### On Motion for Rehearing.

Taking up the contentions of appellees as set forth in the motion for rehearing, we respectfully say: (1, 2) The mere fact that appellees pleaded and introduced evidence to prove that appellant's agent, at the time the insurance policy was issued, was informed by appellee, Claude Privitt, that the property was to be used for rental purposes and not by the owner, does not serve to make appellees' allegations sufficient as a pleading on which a reformation of the policy could be had, in view of the fact that it is universally known that a tenant is a greater risk than an owner who occupies the premises, and a greater premium is charged for insurance against loss by fire on buildings to be occupied by tenants, and nowhere did appellees tender, or offer to pay, the greater premium, or allege that they would have paid it had the policy been written as is contended for, and the correct premium charged.

The question, as we view it, is not one of waiver, or estoppel, but one of correct pleading.

(3) We do not understand appellees' third contention. Our opinion does not take into consideration the provisions of the policy quoted by appellees.

(4) The contention that "the testimony shows that a tenant of the owner of the insured premises had been confined to the penitentiary three times and arrested and convicted of misdemeanors on liquor charges and had kept some liquor on the premises from time to time long prior to the issuance of the policy, and where the tenant had been searched on occasions by the law-enforcement authorities for whiskey, and where the policy provided that it shall be void 'if the hazard shall be increased within the control or knowledge of the insured,' and, 'unless such breach or violation contributed to bring about the destruction of the property,' then, in such event the burden was upon the insurer to plead and prove that such breach was within the control or knowledge of the insured and that such breach contributed to bring about the destruction of the property, and that the occupancy of such tenant did increase the hazard," does not, in our opinion, fairly state the facts.

The tenant, referred to by appellees, is none other than Claude Privitt, shown in the policy to be a joint owner with his mother, and who seeks to reform the policy so as to have it recite that his mother is the sole owner of the premises and he the sole owner of the personal property on the premises—all of which properties are insured in the same contract. And this tenant is, by the undisputed evidence, shown to be the agent of the mother and that he alone handled the matter of procuring insurance upon the property.

298

If, as seems to be contended for by appellees, Claude Privitt is the tenant who was the occupant of the premises at the time of the fire, it occurs to us that the undisputed facts disclose that he was an undesirable tenant and exactly the kind and character of tenant whose occupancy as a matter of fact increased the hazard insured against, and the judgment of the court is, in our opinion, contrary to the preponderance of the evidence.

(5) An inspection of our original opinion discloses that we did not hold that, because the insurer's agent, on a few occasions, had represented the tenant (Claude Privitt) as his attorney in certain criminal cases, such agent was the agent of the insured in the procurement of the policy.

We definitely hold that the evidence does not disclose or establish that such agent colluded with Claude Privitt in the procurement of the insurance contract as written, and we furthermore hold that any finding, or implied finding, that the agent knew of the matters relied upon to reform the contract, is contrary to the preponderance of the evidence.

(6, 7) We held in our original opinion that appellees' pleading was not sufficient to raise the issue of mutual mistake as to all of the matters relied upon for a reformation of the contract sued upon, and that the evidence was not sufficient to raise such issue of fact, and we adhere to that holding. St. Paul Fire & Marine Ins. Co. v. Culwell et al., Tex.Com.App., 62 S.W.2d 100.

(8) We did not deny a recovery for loss of personal property, under allegations and proof of actual cash, or replacement value thereof, but specifically held such recovery could be had.

(9) The pleading and proof does not show that the insurance adjuster compelled Claude Privitt to give him a statement at a time when Privitt was under the influence of intoxicating liquor and we did not hold that the statement made by Privitt was absolutely binding upon him, but we did hold that, such statement and the testimony of high officials and reputable citizens concerning the giving of the statement and of Privitt's condition at the time, constitute a preponderance of the credible testimony covering the matters involved, and we reversed the judgment of the trial court because it was and is, in our opinion, contrary to the preponderance of the credible testimony.

(10) We hold that any statement concerning the material matters involved in this suit, made by Claude Privitt, is binding upon his mother, because the undisputed testimony establishes the fact of such agency.

The other three paragraphs of the motion for rehearing are fully covered by the original opinion, and these conclusions.

The motion for rehearing is overruled.