**FRANKLIN FIRE INS. CO. v. LINDLEY.**

No. 13903.

Court of Civil Appeals of Texas.
Fort Worth.

April 21, 1939.

Rehearing Denied May 26, 1939.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellee.

BROWN, Justice.

Mrs. Limmer Lindley, a single woman, brought suit in the District Court of Delta County against Franklin Fire Insurance Company, to recover on a fire insurance policy issued to her, which covered improvements on a certain small tract of land, and certain personal property.

Mrs. Lindley brought the suit solely for her own benefit.

It seems that her children, who were of age, and a next friend for those who were minors, intervened, but before the cause was tried, they took a non-suit.

Mrs. Lindley sued as if the entire property were hers, and the children in their intervention alleged that the property was the separate estate of their deceased father, one McMurtree.

From the record one may gather that it was the community property of Mrs. Lindley and her former, deceased husband.

It appears that there was a considerable estate in existence prior to McMurtree's death, and that he applied for a loan from the Federal Land Bank of Houston, Texas. The loan was duly negotiated, and later the then Mrs. McMurtree, "as community survivor," made a note payable to said bank, in the sum of $10,000, and executed a deed of trust on a large tract of land to secure the debt. This was in re-newal. She did not qualify as community survivor.

On July 29th, 1929, the said bank executed a certain instrument, which recites that "said Limmer McMurtree being unable to pay the $10,000.00 note secured by said deed of trust, has agreed to convey to the Federal Land Bank of Houston all of the land above referred to, save and except the said two hereinabove described tracts (being two tracts aggregating 35 acres and being the land on which the insured property was situated) and the said Federal Land Bank of Houston has agreed to accept such conveyance of the remaining portion of said land, and to release the lien it has by said deed of trust to the two above described tracts of land, and to release the said Limmer McMurtree from further payment of said $10,-000.00 note."

This instrument then releases "to the said Limmer McMurtree all of the right, title, claim, which it has and has heretofore had upon and against the two above described tracts of land from any and all liens evidenced by said deed of trust and declare said tracts of land to be entirely discharged from the liens created by such deed of trust."

Mrs. Lindley testified that she and the minor children paid the said bank more than $4,000 in cash, and the settlement and release was then and thus effectuated.

Thus it appears that Mrs. Lindley has paid off the debt against this 35 acres by and with monies earned by her and her minor children since her husband's death.

Our view is, taking either horn of the dilemma—whether the property was the separate estate of the husband, or the community estate of the spouses—whatever title Mrs. Lindley has that she may have acquired by the settlement is, necessarily, partly in trust for the children, even though same may be burdened by the fact that her separate funds paid for it by paying off the debt against it.

No effort was made to determine whether or not there is any interest in the children or what is the extent of such interest as was inherited by them from their father.

We hold that these grown children and the minor children are necessary parties to this suit, and we do not think we are presumptuous in suggesting that upon another trial, the plaintiff's pleading should set forth the facts, including the

long acquaintance that the agent, who wrote the policy had with the deceased husband, and the surviving widow and children, and his knowledge concerning the status of the estate.

It appears from pleading and proof that Mrs. Lindley is uneducated, that she cannot read, but can "sign her name"; that she never applied for a fire insurance policy before and knew nothing about applications for policies, or the provisions of same, or of policies of insurance.

The insurance company defends, among other contentions, on the theory that the ownership not being sole and unconditional no recovery may be had.

We think that, where an insurance agent deals with a person who is entirely ignorant of insurance policies and applications, and where the agent knows beforehand, or is advised of the true status of the property and ownership, and the applicant for insurance cannot read, that it is the duty of such agent to correctly fill out the application for an insurance policy and if he be such an agent as the one involved here—one who has the authority to counter-sign and issue the policy—he should write the policy so as to reflect the true facts as he knows them, or as they have been made known to him.

Assuming that the agent knew the provisions of the policy—and this we must do—and that he was informed as to the true status of the title, it is evident that such a policy was issued by him as that same could not be enforced, under a strict construction of its terms.

We do not believe the courts of Texas should strike down a policy of fire insurance under any such circumstances, after loss has been sustained.

The cause was tried to a jury and the only issues submitted to and passed upon by the jury show the following findings: (1) that the plaintiff did not sign the application for the insurance; (2) that the plaintiff did not represent to the agent that she was the sole owner in fee simple of the lands on which the insured property was located; (3) that plaintiff told the agent that the land on which the insured property was located was left to her and her children by her deceased husband; (4) that the agent knew before he issued the policy that the plaintiff was not the sole,

unconditional owner in fee simple of the lands on which the insured property was located.

We do not agree with appellant in its contentions that these are merely evidentiary issues. They are very material to a case such as is under review here.

The court did not submit to the jury any issues touching the value or extent of loss occasioned by the destruction of the personal property. This should have been done.

We do not agree with appellant that the testimony of the plaintiff, on the values as applied to the personal property, was not sufficient to raise the issues thereon. American General Ins. Co. v. Bell, Tex.Civ.App., 116 S.W.2d 877; Home Ins. Co. of New York v. Privitt et al., Tex. Civ.App., 120 S.W.2d 294, writ dismissed.

The trial court rendered judgment for appellee for $850, being the amount of insurance on the improvements and the loss being total, and for $450 for loss of personal property.

It is undisputed that the plaintiff is entitled to recover in her own right loss for the personal property, but the trial court had no authority to fix the loss when a jury was demanded.

From the judgment thus rendered the insurance company has appealed to the Court of Civil Appeals for the Texarkana District, and the cause was transferred to this court by the Supreme Court.

In the light of the evidence, the trial court could not render judgment in the name of the plaintiff for the destruction of the insured buildings. The interest of the children, if any, must be determined.

Furthermore, we wish to say that if the original tract or tracts were the separate estate of the deceased father, we know of no right or power vested in the surviving wife, as such, without the sanctity of an administration on the estate, to renew the debt or the lien, or to deed the major portion of the property to the lien holder, in satisfaction of the debt.

For the reasons given, the judgment of the trial court is reversed and the cause remanded, and all other assignments of error are overruled.