64 | 171
85 | 465

F. R. MILLIKEN v. T. S. SMOOT.

(Case No. 5279.)

1. EVIDENCE.— The action of the court below in excluding the testimony of a witness cannot be reviewed if the bill of exceptions fails to show what his testimony would have been.

2. PLEADING — PRAYER FOR RELIEF — INCONSISTENCY.— Where a petition stated that suit was brought to recover property in the separate right of the wife,

and there was no averment of any fact that would make the property com-
munity, but the plaintiff prayed that in case the property were proven to
be community, he might recover it as such, *held*, that it was error to charge
the jury "to find for plaintiff if the property belonged to either the sepa-
rate or community estates." For no matter what the prayer of the petition
is, the plaintiff must recover in the right in which he sues and upon the
facts stated in his pleadings as the basis of that right. A prayer for relief
inconsistent with the facts stated in the petition is of no value.

Error from Parker. Tried below before the Hon. A. J. Hood.
The opinion states the facts.

*B. G. Bidwell*, for plaintiff in error, cited: 30 Tex., 104; id., 164;
46 Tex., 408; 13 Tex., 928; 4 Tex., 20; 1 Danl. Ch. Pr., p. 437;
Story, Eq. Pl., 40, 41; Texas Law Rev., June 24, 1884; Bump, Fraud.
Con., 509 and notes.

*Lanham & Stephens*, for defendant in error, cited: Johnson *v.*
Granger, 51 Tex., 42; Davis *v.* Roosevelt, 53 Tex., 305; R. R. Co. *v.*
O'Donnell, 58 Tex., 27; Van Alstyne *v.* R. R. Co., 56 Tex., 373; R.
R. Co. *v.* Pinto, Tex. L. Rev., vol. 3, No. 1, p. 9; Pearson *v.* Flana-
gan, 52 Tex., 266.

STAYTON, ASSOCIATE JUSTICE.— A general statement of this case is
thus correctly made by the appellant:

"T. S. Smoot sued Frank Milliken in the Parker district court for
the recovery of the horses in controversy as the separate property
of his wife, Mrs. M. J. Smoot. She claims the horses under a con-
veyance from her son, R. T. Smoot.

"The sheriff of Parker county, Texas, sold the horses under two
executions against R. T. Smoot, one in favor of Jo. H. Brown, the
other in favor of C. H. Milliken, cashier of the First National Bank
of Weatherford. Both executions had been levied on the horses as
the property of R. T. Smoot. Frank Milliken purchased the horses
at the sheriff's sale. Smoot claims the horses as the property of his
wife. Milliken claims them under the sheriff's sale, and that the
sale by R. T. Smoot to his mother, Mrs. M. J. Smoot, was pretended
and fraudulent."

There was a judgment in favor of the plaintiff for the horses, or
for their value, if not delivered.

The action of the court in excluding the testimony of C. H. Milli-
ken cannot be revised, for there is no proper bill of exceptions show-
ing what the testimony of the witness would have been.

If, however, as may be inferred from the bill of exceptions, the

defendant desired to prove that the debt for which the judgment under which he bought the horses was rendered, had its origin prior to the time that R. T. Smoot conveyed them to his mother, M. J. Smoot, it certainly was proper to prove that fact upon the issue whether the property was so conveyed to defraud creditors then existing. This might be proved as a fact, without proving the contents of notes for which those on which the judgment was rendered were taken in renewal.

The action was brought by the husband of M. J. Smoot, to recover in her separate right, and there is no averment of any fact which would make the property community property; upon the contrary, the express averment is that the property sued for is the separate property of the wife.

The petition contains the following prayer: "But should it turn out that plaintiff is mistaken about the right of said M. J. Smoot to said horses or any part thereof, and should it turn out that the same or any part thereof are community property of said M. J. Smoot and the plaintiff, then he prays to recover the same as such," etc.

A plaintiff must recover in the right in which he sues, and upon the facts stated in his pleadings as the basis of that right, and cannot recover through a right adverse to that asserted, it matters not what the prayer of the petition may be. Owen v. Tankersley, 12 Tex., 411; Hatchett v. Conner, 30 Tex., 111; Holloway v. Holloway, 30 Tex., 178; Hutchins v. Bacon, 46 Tex., 414.

A prayer for relief inconsistent with the facts stated as the basis for relief is of no value whatever.

There was evidence tending to show that a part of the property sued for was of the community, and there was a general verdict in favor of the plaintiff.

The facts thus appearing, the court instructed the jury to find for the plaintiff if the property was either the separate property of the wife as alleged, or the community property of herself and husband. This was error which will require the reversal of the judgment.

The other assignments of error present questions not likely to arise upon another trial and therefore need not be considered.

For the error noticed the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 15, 1885.]