ARRINGTON v. McDANIEL et al.
(No. 997—5163.)

Commission of Appeals of Texas, Section B.
March 13, 1929.

Sam R. Sayers, of Fort Worth, F. E. Johnson, of Cleburne, and Mantooth & Denman, of Lufkin, for plaintiff in error.

J. M. Moore, of Cleburne, and Hamp P. Abney, of Sherman, for defendants in error.

SPEER, J. J. B. Arrington died in Angelina county October 13, 1891, leaving surviving him his wife, Telitha, a daughter, Arimenta, and four sons, to wit, J. E., O. J., P. B., and E. B. At the time of J. B. Arrington's death, he and his wife owned community property consisting of the lands in Angelina county involved in this suit. He died testate, leaving the following will:

"State of Texas, County of Angelina:

"Be it remembered that I, J. B. Arrington of the state and county aforesaid, considering the uncertainty of this life and being of sound mind and memory, do make, declare, and publish this my last will and testament.

"First. It is my desire that all my just debts be paid with convenient speed.

"Second. I give and bequeath all my property both real and personal to my wife, Telitha Arrington and my children, J. E., O. J., P. B., E. B. and Arimenta Abney, and J. E. Arrington, all of which I desire shall be kept together and used by the family until my youngest child shall become of age, after which it is my desire that the same be divided as follows: That my wife, Telitha Arrington, shall own and control the entire estate, both real and personal as long as she lives, with power to sell anything belonging to the estate, and make title to the same, she thinking the same to be of interest to the family.

"Third. I desire that all of the real estate be equally divided among J. E. Arrington, O. J. Arrington, P. B. Arrington, E. B. Arrington.

"Fourth. I desire that my three youngest sons, O. J. Arrington, P. B. Arrington and E. B. Arrington have the mill and gin.

"Fifth. I desire that my daughter, Arimenta Abney to have two hundred and forty dollars as her interest in the real estate and also an equal interest in the personal estate.

"Sixth. I do hereby nominate and appoint my beloved wife, Telitha, and son, J. E. Arrington, to be the executors of this my last will and testament. It is my desire that my executors dispose of any or all of my said property at such prices and upon such conditions as they may see proper for the purpose of supporting, educating and maintaining said minor children and without any orders of court whatever.

"Seventh. It is my desire that my said executors be required to do nothing further than to file and have probated this my last will and testament and subscribe to the oath as executors, without having to give any bond whatever, and without having to procure any further orders whatever from the probate court to dispose of my said property as directed in this my last will and testament.

"It is my desire that each of my said minors, sons, who have not had a horse, bridle and saddle, the executors must see that they have one, furnished, when they arrive at a sufficient age to use and attend to one."

Of the children who survived the testator, Arimenta and O. J. have died, and their heirs instituted this suit against J. E. Arrington, one of the independent executors, and others, seeking a partition of the lands and

to recover certain rents and the value of timber cut and sold from the land. The defendant Arrington pleaded the general issue and specially the statute of limitations. The case was tried to a jury, resulting in a verdict and judgment for the plaintiffs for a recovery upon the basis of a two-fifths ownership in the land, and that judgment was affirmed by the Court of Civil Appeals. 4 S.W.(2d) 262.

The construction of the will made by the trial court and the Court of Civil Appeals is first challenged. That construction was that the will devised testator's interest in the land in controversy to his wife and children, vesting in them a fee-simple title. The complaint must be sustained. If the will vested in the wife and children jointly the fee-simple title, then that part of item second declaring that testator's wife "shall own and control the entire estate, both real and personal as long as she lives, with power to sell anything belonging to the estate and to make title to the same," is repugnant to the devise and is void. We are not unmindful of the wholesome rule that where the intention of a testator is clear to vest a particular title, that subsequent directions inconsistent with such right and estate being repugnant must fail. But before this effect can follow, there must be a clear repugnance. It is but a platitude of law to say that one may devise his property as he pleases so long as it is not in violation of law. The real intention of the testator within the legal effect of the language employed is always the supreme test of construction, and all artificial rules of construction will yield to this obvious intention when once ascertained. It is not presumed that one will use language in such an instrument without a purpose, especially when to do so is to destroy in words a prior devise clearly expressed. The duty of the court is to construe the instrument, where possible, so that all parts will stand, and this is easily done in the present case. The language, "I give and bequeath all of my property, both real and personal to my wife * * * and my children, * * * if it stood entirely alone, undoubtedly would vest a fee-simple title in the beneficiaries named. But in the same item of the will the testator declares: "That my wife, Telitha Arrington, shall own and control the entire estate, both real and personal as long as she lives, with power to sell anything belonging to the estate, and make title to the same, she thinking the same to be of interest to the family."

In succeeding items he makes provision for the distribution of his estate amongst the children after the death of his wife. It is thus apparent, we think, that the will, as a whole, evidences the unmistakable intention that the legal title to the property should vest in the wife, Telitha, with free right of disposition during life, with a trust in favor of the children in such property as remained

after her death. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Norton v. Smith (Tex. Civ. App.) 227 S. W. 542; West v. Glisson (Tex. Civ. App.) 184 S. W. 1042.

On October 24, 1899, the independent executors conveyed the lands involved in this suit to one R. B. McFadden, the terms of the conveyance being broad enough to include the individual title of Mrs. Telitha Arrington as well as the title of the estate. The consideration for this conveyance appears to have been $1,300, $300 of which was paid by the delivery of a piano and the remaining $1,000 was evidenced by five promissory notes, each in the sum of $200. McFadden conveyed the property to one Dubose, and Dubose, in turn, conveyed the same to J. E. Arrington, plaintiff in error. But this last deed, it seems, was lost and McFadden executed a new one to Arrington. It is undisputed that the consideration for the conveyance of the title to J. E. Arrington was the cancellation and surrender of the above-mentioned five vendor's lien notes. Now the proposition is asserted by plaintiff in error that the right thus vested in him was a perfect fee-simple title unaffected by any trust relationship. But this plainly cannot be true. If it could be said technically that the title did vest in J. E. Arrington free from and unaffected by the fiduciary relation of independent executor, it would yet be true that his use of funds—the notes—belonging jointly to the estate of his father and the subsequent estate of his mother, would create a resulting trust in favor of the beneficiaries of the two estates. It is difficult to perceive any ground for the contention that the holding after the reconveyance of this property was not in trust for the children of J. B. and Telitha Arrington.

The trial court rendered judgment for the plaintiffs for a two-fifths interest in the value of the piano—$300—above mentioned, together with 10 per cent. interest, but there appears to be no basis in the pleadings for such judgment.

The second amended original petition, upon which the trial was had, seeks specifically for judgment for the title and possession of the plaintiffs' interests, in the described lands, for personal judgment against the defendant J. E. Arrington for the value of their interests in timber sold, cut, and removed from the land, and for the value of rents and revenues collected as alleged, and that the property be sold for partition. The pleading nowhere makes reference to the land having been once sold and a payment therefor made to the executors; it nowhere mentions the piano or any other item or amount received in any way for the account of the estate by the defendant other than the items of timber and rents just mentioned. The prayer, for "other and further relief to which they may be entitled at law or in equity,"

cannot enlarge the recovery to embrace a cause of action not within the pleadings. We sustain plaintiff in error's assignment complaining of this part of the judgment.

The deed from McFadden to plaintiff in error was duly placed of record whereby, it is claimed by plaintiff in error, the statute of limitations, in his favor against his cotenants, was set in operation; such registration being constructive notice to them of his adverse claim. But this proposition cannot be sustained. It is elementary that possession alone by one cotenant is not of itself notice of an adverse claim to the other cotenants. It is equally well settled that the registration of a deed from one cotenant or even a stranger to the property will not operate as constructive notice of the adverse claim of the grantee. His possession is yet a friendly one in the eyes of the law. It requires a repudiation of the rights of the other cotenants actually brought to their notice in order to start the statute of limitations. Towery v. Henderson, 60 Tex. 291; Lynch v. Lynch (Tex. Civ. App.) 130 S. W. 461 (writ refused); Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098; McCoy v. Long (Tex. Com. App.) 15 S.W.(2d) 234.

Upon precisely the same principle, plaintiff in error Arrington's possession under the McFadden deed would not be adverse whether the rights of the parties were, strictly speaking, those of tenants in common or the relation was one of resulting trust. The trustee of a resulting trust can no more hold adversely to the beneficiaries without actual notice than can a cotenant.

Besides, if the issue of limitations was raised by evidence of actual notice of adverse holding, as actual notice of the McFadden deed, long exclusive possession and the like, still that issue was not submitted, nor requested to be submitted, and it was therefore waived entirely. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

A point is made by plaintiff in error that upon purchasing the land from Dubose and McFadden he paid $1,000 to two of his brothers who had never received any of the estate, from which it is argued his title was perfect and his holding not in trust. But this does not follow. On the contrary, it is a recognition of the trust. His payment of two did not satisfy the interest of the remaining heirs.

Upon the issue of rents the court submitted this question: "What amount of rent was collected by the defendant J. E. Arrington, from the land in Angelina County, Texas, involved in this suit since the year 1902?" To which the jury answered, "$2,970." It is complained that the court erred in submitting this issue because there was no testimony to authorize it, or, to be more specific, to show "how much rents he actually received from the lands." It is true the evidence did not specifically show the exact amount actually received for rents. But there was evidence without objection of the rental value of crops raised on the land, and the recovery is well within that evidence. The plaintiff in error testified, but his testimony, while negative in character, was not specific as to the amount of rents actually received, and under such circumstances the jury would be justified in finding that he had actually received the proven rental values.

Finally, it is complained that the trial court erred in excluding the parol evidence of plaintiff in error to the effect that a deed exhibited to him executed by himself and Telitha Arrington as executors, conveying to O. J. Arrington a certain 100 acres of land, was in satisfaction of his (O. J. Arrington's) interest in the estate, for which reason his heirs could not recover herein. The evidence was excluded upon the objection that the same was in violation of the statute, in that this witness could not be permitted to testify as to a transaction with the deceased. This matter, we think, was properly disposed of by the Court of Civil Appeals. The suit was in effect one by the "heirs" of O. J. Arrington, in which a recovery might be had by them as such; and the testimony, moreover, would have had no probative force, for it plainly contradicted the terms of the written instrument in a contractual respect, the parties not being strangers to such instrument.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be reformed so as to eliminate from the plaintiff's recovery the item for the piano, with interest thereon, and further that such judgments be reformed so that the final judgment will bear interest from and after January 24, 1927, at the rate of 6 per cent. per annum, and as thus reformed that the same be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.