**MURPHY v. BAIN.**

**No. 5186.**

Court of Civil Appeals of Texas. Amarillo.
July 1, 1940.

Joe Harlan and Shannon, Ochsner & Little, all of Amarillo, for appellant.

R. E. McLaughlin, of Dumas, and Art Schlofman, of Dalhart, for appellee.

JACKSON, Chief Justice.

The appellant, Bob Murphy, instituted this suit in the County Court of Moore County against H. T. Bain, appellee, to recover title and possession of certain household furniture, or, in the alternative, the value thereof.

He alleged that he was the owner of the furniture, that appellee was withholding from him its possession and had converted it to his own use and benefit. He prayed judgment for the furniture or' the value thereof which he alleged was $201. He made application for and obtained a writ of sequestration which was levied on the furniture by the sheriff of Moore County on March 29, 1939..

The appellee, H. T. Bain, as disclosed by appellee's "amended answer" copied in the transcript, answered by general demurrer and general denial. In a cross-action contained in the amended answer he pleaded that appellant had wrongfully, maliciously and without probable cause therefor secured the issuance of a writ of sequestration and had the furniture sequestered and as a result he suffered $100 damages, the loss of the use of the furniture, $300 damages to his reputation and credit, $9 damages for doctor's bill incurred for his wife who became ill when appellant came to the house, claimed the furniture and later had the writ issued and levied, sought two items amounting to $55 attorney's fees and claimed by reason of appellant's acts and conduct he had "been damaged in the total sum of $114 as actual damages" and had suffered exemplary damages in the sum of $595 and expended the' attorney's fee. In his prayer he sought to "recover on his cross-action and counter claim his actual damages of $314.00" and also attorney's fees and $595 exemplary damages.

In response to special issues submitted by the court the jury found in effect that the appellant had given the furniture involved to Mary Hamilton; that the writ of sequestration was sued out wrongfully and without probable cause and that the appellee, H. T. Bain, had suffered actual damages in the sum of $300. No issue on exemplary damages was submitted to the jury. On these findings the court ren-

dered judgment in behalf of appellee for the furniture and for the sum of $300 actual damages, from which judgment this appeal is prosecuted.

The record indicates that Mary Hamilton had acquired the property and sold it to the appellee.

The appellant presents as error the action of the court in rendering judgment against him for the sum of $300 actual damages on the cross-action because he says appellee alleged that he had sustained actual damages in the sum of only $114 and prayed to recover said amount as such damages.

The trial court places a certificate in the transcript in which he designates certain interlineations which he permitted the appellee to make in the answer and cross-action during the trial of the case and then certifies that:

"I have to day inspected Defendant's Amended Answer and have seen that in each instance the figure '$114.00' has been changed to read '$314.00' and the figure '$795.00' has been changed to read '$595.00'. Such changes were made without my consent and order and to day is the first knowledge or notice that I have had of said changes. I do not know when such changes were made, but do know that no request was made for such changes prior to the time the jury returned its verdict nor since said time.

"I make this certificate to accompany the record in this Cause in the event of an appeal.

"Dated this 25th day of August, A. D. 1939."

The trial court ordered the original "amended answer" of appellee forwarded with the record to this court and it is before us for examination. An inspection of this "amended answer" and cross-action, in our opinion, supports the statements contained in the certificate of the trial judge.

■ It is elementary that if the pleadings do not support the judgment it will be reversed since facts not alleged, though proved, can form no basis for judicial action. Cooper v. Loughlin, 75 Tex. 524, 13 S.W. 37; 25 Tex.Jur. 478, para. 11; Article 2211, Vernon's Annotated Civil Statutes.

■ We think it obvious that under the allegation for actual damages and the prayer in the "amended answer" before the unauthorized interlineations were made therein the appellee was in no event entitled to a judgment for actual damages exceeding $114 with interest. We are also of the opinion that since his allegation of actual damages as copied in the transcript was but for $114 that his recovery for actual damages should have been limited to that amount notwithstanding his prayer was to recover $314 actual damages for the reason that while the prayer may be considered in construing the pleading, it is subordinate to the allegations of facts. Milliken v. Smoot, 64 Tex. 171; Hughes v. McDonald, Land Com'r, et al., Tex.Civ.App., 122 S.W.2d 366; 33 Tex.Jur. 466; Clem Hinds v. E. R. Biggs, Tex.Civ.App., 142 S.W.2d 902.

The statutes of Texas, the rules and the decisions of the courts are very liberal regarding the procedure required for amending pleadings. Article 2001, Vernon's Annotated Texas Civil Statutes. In this case court was in session and manifestly it was the duty of appellee, if he desired to file an amendment, to secure leave to do so. Evidently he knew that his pleadings were not sufficient to support a judgment for $300 actual damages and if he had made a sufficient showing in an application therefor the court would doubtless have granted him leave to amend under section 3, article 2001. Rea et al. v. Johnson et al., Tex.Civ.App., 270 S.W. 1077.

In 33 Tex.Jur. 495, para. 71, the author says: "The wording of the statute imports that only in vacation may an amended pleading be filed without leave. Leave is required if the court is in session, although the petition was not returnable until the next succeeding term."

■ In the same volume, page 505, para. 78, the author says: "Accordingly we find that while parties have no right to amend or supplement their pleadings after trial of the case, yet the court has power to allow amendments in his discretion after the testimony has been closed, or even after verdict, provided that the amendment is made for the purpose of sustaining the verdict, does not alter the issues, and was treated by the parties themselves as being included in the case which the plaintiff had to establish and the defendant had to meet."

See also Milan et al. v. Williams, District Judge, 119 Tex. 60, 24 S.W.2d 391; South-

ern Enterprises, Inc. of Texas v. Marek, Tex.Civ.App., 68 S.W.2d 384.

The discretion of the court was not invoked and hence not exercised in the instant case.

■ In our opinion the record shows conclusively that after the trial was had and the verdict had been returned some one made the changes in the allegation and prayer of the cross-action without ·leave or knowledge of the court and without the consent of or notice to appellant and that no approval or acquiescence in such changes was made by appellant or by the court. There is no law permitting an amendment to pleadings on file in court by making interlineations therein and certainly there is no authority for so doing without first obtaining leave of the court.

We have found no authority passing on a situation such as confronts us but interlineations made in this amended answer for the purpose of supporting a judgment for actual damages in the sum of $300 are in principle we think analogous to the law controlling alterations of an instrument.

■ In 2 Am.Jur. 608, para. 16, the author says: "A material alteration of an instrument by a party thereto will vitiate it, though made with no fraudulent intent whatever and with an entirely honest motive. The law holds the instrument void not because the thing done is actual fraud, but because a contrary rule would open the door for fraud, and because the alteration changes the legal identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke."

See also 2 Tex.Jur. page 963, para. 3, page 702, para. 11.

This assignment we sustain.

■ The appellant challenges as error the action of the court in refusing to direct a verdict in his behalf on the issue of actual damages because he contends the testimony did not warrant the finding of the jury nor the judgment of the court for such damages. A careful study of the record convinces us that the testimony is insufficient to authorize a finding of damages for the loss of the use of the furniture since appellee filed a replevy bond and was permitted by the sheriff to retain the possession of the property and was not deprived of the use thereof, and insufficient to support the allegation that appellee suf-

.fered damages to his reputation and credit in the sum of $300, or any other amount. However, on the finding of the jury supported by the testimony that the sequestration was wrongful the appellee would · be entitled to recover at least nominal damages. 13 Tex.Jur. 70, para. 4.

The judgment is reversed and the cause remanded.