MRS. MAE STARR ET AL V. MRS. NELLIE C. FERGUSON.

No. 7980. Decided December 2, 1942.
(166 S. W., 2d Series, 130.)

*Bill I. Holland,* of Marfa, for Mrs. Mae Starr, *A. E. Owens,* of Alpine, for S. A. Starr, petitioners.

It was error for the court to render a judgment, and direct a foreclosure of lien on sections 12 and 33, Block 20, G. H. & S. A. Ry. Co. survey, when it appeared, both from the pleadings and the evidence, that Mrs. Ferguson had released the lien on these two sections and sought no foreclosure thereon. Brickley v. Finley, 143 S. W. (2d) 433, 438; Coles v. Kelsey, 2 Texas 542, 557; Poe v. Poe, 118 S. W. (2d) 831.

*Joseph G. Bennis*, of El Paso, and *Frank O. Ray*, of Alpine, for respondent, Mrs. Nellie C. Ferguson.

On the question of whether the letter was sufficient to avoid the running of the statute of limitation see Cotulla v. Urbahn, 104 Texas 208, 135 S. W. 1159; Cain v. Bonner, 108 Texas 399, 194 S. W. 1098; Cochran v. J. B. Coe Lbr. Co., 82 S. W. (2d) 684.

The evidence establishing, and the court so finding, that the release of section 12 and 33, Block 20, from the deed of trust had never become operative, the judgment was correct in granting a foreclosure of the lien as to these sections in common with the other section covered by the deed of trust. 33 Tex. Jur., sec. 47, p. 468; Garvin v. Hall, 83 Texas 295, 18 S. W. 731.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment of district court in favor of respondent Mrs. Nellie C. Ferguson against petitioners S. A. Starr and Mrs. Mae Starr, former husband and wife, establishing a debt and a deed of trust lien on several sections of land in Brewster County and foreclosing the lien. (Not reported.)

■ Two questions are presented. The first is whether a letter, written by S. A. Starr to Mrs. Ferguson before he and his wife were divorced, is a sufficient acknowledgment of the debt to toll the statute of limitations. Article 5539, Revised Civil Statutes of 1925. We approve the decision of the Court of Civil Appeals that the letter is sufficient. The letter addressed to Mrs. Ferguson and signed by Starr is as follows:

"Your kindliness & patience in regard to my indebtedness is a blessing to me, for it seems I am hopelessly chained, but still I hope some day in some way to pay you, tho when I try to

peep into the future all that greets my vision is barricaded darkness, and I often wonder and feel that if your other debtors are as imposing as I am & have been how you manage to maintain your good mental ballast, surely the Lord will help you."

It was stipulated by the parties that when the letter was written there was only one indebtedness between the parties and that was on the note.

The rule often quoted is thus stated in Howard & Hume v. Windom, 86 Texas 560, 566, 26 S. W. 483:

"An unqualified acknowledgment of an existing debt implies a promise to pay it, and is sufficient, unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay."

The letter in its reference to "my indebtedness" is, in our opinion, an express and unqualified acknowledgment of the existence of the indebtedness from the writer of the letter to Mrs. Ferguson. From the acknowledgment a promise to pay is implied, there being no expression in the letter indicating an unwillingness to pay. As said by the Court of Civil Appeals: "There is no intimation of any unwillingness to pay, but on the contrary, the hope that he may be able to do so." The conclusion that the letter is sufficient to remove the bar of the statute of limitation is supported by the following authorities: Howard & Hume v. Windom, 86 Texas 560, 26 S. W. 483; Stein v. Hamman, 118 Texas 16, 6 S. W. (2d) 352, 9 S. W. (2d) 1104; Elsby v. Luna (Com. App.) 15 S. W. (2d) 604; Cotulla v. Urbahn, 104 Texas 208, 216-218, 135 S. W. 1159, 34 L. R. A., N. S. 345; Am. Cas. 1914B, 217; First National Bank in Canyon v. Gamble, 134 Texas 112, 116, 132 S. W. (2d) 100, 125 A. L. R. 265. See also 18 Texas Law Review 352.

The second of the to assignments of error is that the judgment of the district court is erroneous, in so far as it forecloses the lien on two of the sections of land, because it does not conform to the petition, which alleges that respondent Mrs. Ferguson released the two sections from the lien.

The petition alleges the execution of the note and of the deed of trust, conveying five sections and three-fourths of a section of land to a trustee, and that the deed of trust "created

a lien which is still subsisting against such land, to secure the payment of such note." In another paragraph the following allegations are made:

"That on or about January 1, 1932, Intervenor, individually and as independent executrix of the estate of H. W. Ferguson, deceased, agreed to release, and did release, sections 12 and 33, Block 20, G. H. & S. A. Ry. Co., Brewster County, Texas, from the burden and effect of a deed of trust lien hereinafter described, whereupon and whereby, said defendant, S. A. Starr, in lieu of said security so released, gave the Intervenor a verbal chattel mortgage on all live stock then belonging to the community estate of himself and his said wife, the defendant, Mrs. Mae Starr, including approximately 100 head of live stock, and all horses and mules, located on his ranch in the southern portion of Brewster County, Texas."

Mrs. Ferguson alleges in the last of the numbered paragraphs of her petition that she sues to recover her debt, with attorney's fees, "for foreclosure of her deed of trust and chattel mortgage lien, with interest, costs, and for general relief." The prayer, in substantially the same language, is that she have judgment for her debt and attorney's fees, with interest, and for foreclosure of the deed of trust and chattel mortgage lien, for costs of suit and for general and equitable relief.

The trial court's judgment contains a finding that Starr did not give a verbal chattel mortgage on his cattle. There is no express finding in the judgment as to a release of the deed of trust lien in so far as it affects two of the sections but foreclosure is decreed on all of the land described in the deed of trust. While the testimony of Mrs. Ferguson about releasing two of the sections is vague, the inference may be drawn from it that the release was intended to be delivered or to become effective only in the event Starr sold the two sections of land. The sale was not made. Thus it appears that there is evidence to support the judgment foreclosing the lien on the two sections.

There must be pleadings as well as proof. "The judgments of the court shall conform to the pleadings * * *." Article 2211, R. C. S. 1925.

"A plaintiff must recover in the right in which he sues, and upon the facts stated in his pleadings as the basis of that right, and cannot recover through a right adverse to that asserted,

it matters not what the prayer of the petition may be." Milliken v. Smoot, 64 Texas 171, 173. "Facts not alleged, though proved, can form no basis for judicial action." Murphy v. Bain, 142 S. W. (2d) 598, 600. Many other cases hold that a judgment which is not supported by the pleadings, or which is contradictory of the pleadings, is erroneous. Cooper v. Loughlin, 75 Texas 524, 527, 13 S. W. 37; Yett v. Cook, 115 Texas 205, 211, 281 S. W. 837; Howe v. Keystone Pipe & Supply Co., 115 Texas 158, 161, 274 S. W. 263, 278 S. W. 177; Queen Insurance Co. v. Galveston, H. & S. A. Ry. Co., (Com. App.) 296 S. W. 484; Arrington v. McDaniel, (Com. App.) 14 S. W. (2d) 1009; City of Fort Worth v. Gause, 129 Texas 25, 29, 101 S. W. (2d) 221.

█ The petition contains the positive averment that sections 12 and 33 were released from the lien. The allegation is that "she agreed to release and did release" the two sections "from the burden and effect" of the deed of trust lien and that thereupon and thereby Starr 'in lieu of said security so released" gave her a verbal chattel mortgage on his cattle. There is no pleading in the alternative that if Mrs. Ferguson obtained no lien on the cattle she retained the lien on the two sections of land and no averment that the release was conditioned upon the consummation of a sale by Starr. The allegation, made in describing the deed of trust, that it created a lien "which is still subsisting against such land," being general and relating to all of the land, could not reasonably be construed as intended to supersede the particular allegation that the two sections were released from the lien. The judgment, in direct contradiction of the allegation that Mrs. Ferguson released the lien on the two sections and acquired in lieu of that security a chattel mortgage on cattle, decrees the existence of a lien on the two sections and forecloses it.

The contradiction is not cured by the prayer for general relief. Garvin v. Hall, 83 Texas 295, 301, 18 S. W. 731, holds that a plaintiff, under a prayer for general relief, may be awarded the relief to which the pleadings and the evidence may entitle him. In the present case, however, the pleadings do not entitle Mrs. Ferguson to foreclosure of a lien on sections 12 and 33. Recovery must be had upon the facts alleged and the prayer cannot enlarge the recovery to embrace a cause of action, or a right, not within the pleadings. Arrington v. McDaniel, (Com. App.) 14 S. W. (2d) 1009; Jennings v. Texas

Farm Mortgage Co., 124 Texas 593, 600, 80 S. W. 931; Adelson v. B. F. Ditmarr Co., 124 Texas 564, 570, 80 S. W. (2d) 939; Murphy v. Bain, 142 S. W. (2d) 598; Cretien v. Kincaid, 84 S. W. (2d) 1094, 1097, (affirmed 130 Texas 513, 111 S. W. (2d) 1098).

"The prayer for general relief cannot be construed as being a prayer for anything which is expressly excepted therefrom by other portions of the pleading." Yett v. Cook, 115 Texas 205, 211, 281 S. W. 837. "A prayer for relief inconsistent with the facts stated as the basis for relief is of no value whatever." Milliken v. Smoot, 64 Texas 171, 173.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court December 2, 1942.