## EUBANKS v. AKERS.

### No. 2692.

Court of Civil Appeals of Texas. Waco.

Oct. 24, 1946.

P. P. Ballowe and Hughes & Monroe, all of Dallas, for appellant.

Milton K. Norton and J. E. McLemore, Jr., both of Dallas, for appellee.

HALE, Justice.

Appellee sued appellant for wrongfully detaining from him the possession of certain personal property. As grounds of the recovery sought he alleged that he was the owner of six separate items of cafe equipment and as such he was entitled to the possession thereof and that appellant was improperly withholding the same from him. He further alleged the value of each item of equipment for which he sued, one item being of the claimed value of $1,000 and each of the other five being in varying amounts in the total aggregate sum of $450. He prayed that he have judgment "for the possession of said property or, in the alternative, that he have judgment of $1,450.00." Appellant answered with a general denial, an affirmative plea that appellee was not the owner of the property for which he sued, and a plea of limitation based upon the two years statute. The case was tried before the court without a jury and resulted in judgment specifically denying any relief to appellee "for title and possession" of any of the property sued for but awarding to him a money judgment against appellant for the sum of $600. No request was made for findings of fact and conclusions of law, none was filed and consequently the record does not expressly disclose the theory upon which the trial court based the judgment from which the appeal has been perfected.

Under appropriate points in his brief and by oral argument appellant says the court below erred in awarding a money judgment against him because such recovery was without any support in the pleadings or the

evidence and because the evidence shows conclusively that the enforcement of any right declared upon by appellee was barred by the two years statute of limitations. Appellee has not favored this court with any written brief or oral argument and hence we do not know what his contentions might be, if any, as to why the judgment should not be reversed.

In the trial of any contested law suit the dominant purpose and cumulative effect of the pleadings, evidence and findings of issuable facts, if any, is that each separately and all collectively shall ultimately form a proper basis for the rendition of a correct judgment. Stemming from this fundamental concept, it is provided in Rule 301, Texas Rules Civil Procedure, that "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." It has long been the settled law of this state that a judgment which is without any support in the pleadings, or is contradictory thereof, is as fatally defective and erroneous as is a judgment without evidence or one that is contrary to established facts. Milliken v. Smoot, 64 Tex. 171; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d 1009; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130. Such is still the law except as it may be modified by Rule 67, Texas Rules Civil Procedure.

Rule 419, Texas Rules Civil Procedure, relating to proceedings in the courts of civil appeals, provides that any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposite party. Notwithstanding the provisions of the latter rule and the unequivocal statements made by appellant in his brief, we have considered all of the pleadings and the evidence in this case and have concluded therefrom that the award of a money judgment to appellee does not conform to the pleadings, the nature of the case attempted to be proved or the implied findings of fact by the trial court.

It is readily apparent from an inspection of appellee's petition in its entirety that his claim for relief was grounded solely upon his allegation that he was the owner of the property for which he sued and by reason thereof he was entitled to the possession of such property or, in the alternative, to a money judgment for its equivalent in value. If appellee was in fact the owner of the property for which he sued and if the enforcement of his rights as such was not barred by limitations, then there is no pleading or evidence in the record suggesting any reason why he would not be entitled as a matter of law to a judgment of possession. On the contrary, the record conclusively discloses that immediately after the institution of this suit appellee caused a writ of sequestration to be issued and in pursuance thereof the sheriff took possession of the property in controversy. Hence, under the evidence and record facts, a money judgment in favor of appellee is not only without any support in the pleadings or evidence but is wholly inconsistent with the alleged facts upon which his claim for relief was based.

Although the voluminous evidence is uncertain and confusing in some respects, it tended strongly to show that appellee was not the owner of the property for which he sued and that his cause of action, if any he ever had against appellant for wrongfully detaining his property, accrued more than two years prior to the time when this suit was instituted. Therefore, in the light of the pleadings and the evidence as a whole, we must assume in support of that part of the judgment which denied any relief to appellee for the title and possession of the property that the trial court necessarily found from the evidence either that appellee did not own the property or that the enforcement of his rights of ownership was barred by the two years statute of limitations. No useful purpose would be served by here speculating as to any contract, express or implied, upon which the court might have based his award of a money judgment.

Because we are of the opinion that the award of a judgment in the sum of $600 is without support in the pleadings or evidence, and is contrary to the implied find-

ings of fact by the trial court, the judgment appealed from is reversed and the cause is remanded for another trial.