WEST AMERICAN INS. CO. v. FIRST STATE BANK OF RIO VISTA.

No. 2806.

Court of Civil Appeals of Texas, Tenth District, Waco.

Aug. 12, 1948.

Kilpatrick & Kilpatrick, of Cleburne, for appellant.

Gean B. Turner, of Cleburne, for appellee.

HALE, Justice.

R. C. Fulfer and First State Bank of Rio Vista, Texas, as plaintiffs below, instituted this suit on June 21, 1947, against Hartford Fire Insurance Company, West American Insurance Company and R. C. Bridges, seeking recovery against each company on account of loss and damage to a certain Mercury automobile alleged to have been caused by collision, theft and fire occurring on different dates during the year 1945. The case was tried before a jury and resulted in judgment (1) denying any recovery to either plaintiff as against Hartford Fire Insurance Company, (2) denying any recovery to Fulfer as against West American Insurance Company, and (3) awarding recovery of $880.00 to the Bank as against West American Insurance Company. The latter company alone has appealed from that part of the judgment which awarded recovery against it.

Among the twenty-two points upon which its appeal is predicated, appellant says the court below erred in overruling its motions for a directed verdict and for judgment in its favor non obstante veredicto, respectively. Because of such errors it insists the judgment against it should be reversed and judgment should be here rendered denying the Bank any recovery.

In passing upon the foregoing contentions as applied to the record before us, we must bear in mind that in the trial of any contested law suit the cumulative purpose of pleadings, evidence and findings on issuable facts, if any, is that each separately and all collectively shall ultimately

form a proper basis for the rendition of a correct judgment under the facts so established and the law applicable thereto. Rule 301, Texas Rules of Civil Procedure. As said by this court in the case of Eubanks v. Akers, Tex.Civ.App., 197 S.W.2d 370, 371: "It has long been the settled law of this state that a judgment which is without any support in the pleadings, or is contradictory thereof, is as fatally defective and erroneous as is a judgment without evidence or one that is contrary to established facts. Milliken v. Smoot, 64 Tex. 171; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Arrington v. McDaniel, Tex.Com. App., 14 S.W.2d 1009; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130. Such is still the law except as it may be modified by Rule 67, Texas Rules Civil Procedure."

Plaintiffs below alleged in substance that on June 24, 1944, Fulfer was the owner of a certain Mercury automobile and on or about said date the Hartford Company, in consideration of an annual premium of $95.00, issued its policy insuring Fulfer against loss by fire, theft or collision of said automobile for a period of one year, with appellee named as lien-holder in said policy to the extent of its interest in the sum of $880.00; on October 14, 1944, Fulfer sold the Mercury automobile to Bridges and as part of the purchase price therefor Bridges executed his note payable to appellee in the sum of $880.00, with Fulfer as endorser of the note; on October 25, 1944, appellant issued its policy, in consideration of an annual premium of $22.00, insuring Bridges against loss by fire, theft or collision of said Mercury automobile (alleged to have been erroneously referred to in said policy as a Ford automobile) for a period of one year, with appellee named as loss payee in said policy in the amount of $880.00; on March 10, 1945, Bridges wrecked the Mercury automobile and abandoned the same; Fulfer then caused the automobile to be turned over to one George Nelson for the purpose of repairing the damages resulting from the wreck; Fulfer had paid to Nelson the sum of $253.35 for repairs on said automobile when on June 23, 1945, it was stolen from the home of Nelson in Cleburne and was thereafter burned near Klondyke, approximately 25 miles from Cleburne; Bridges had advised Fulfer he could not make any further payments on said automobile; and that Bridges had left Cleburne and his whereabouts were unknown to plaintiffs. They further alleged that appellee had given due notice and proof of loss to both insurance companies, that each company had denied liability for the claimed loss and therefore each was estopped to deny a waiver of the policy provisions relating to proof of loss. They did not seek any recovery against Bridges. Appellee prayed for judgment against appellant in the sum of $880.00 and in the alternative for judgment against the Hartford Company in the same amount. Fulfer prayed for judgment against appellant in the sum of $203.35 and in the alternative against the Hartford Company in the sum of $253.35.

Bridges did not appear either in person or by an attorney of his own selection, but, having been cited by publication, the court appointed an attorney ad litem who answered for him with a general denial. Appellant answered with a plea in abatement and a special exception to the petition of plaintiffs on the ground that they had not complied with the policy provisions relating to the filing of proof of loss. It also interposed a general denial and various affirmative pleas based upon policy provisions relating to the filing of proof of loss, protection of salvage, the exclusion of coverage while the insured automobile was subject to bailment and other matters.

At the trial appellant's policy was introduced in evidence. It was issued to R. C. Bridges as the named insured, with a loss payable clause to him and appellee as the latter's interest may appear, upon a premium of $22.00 for one year from October 25, 1944. By the terms thereof appellant obligated itself, subject to the conditions therein set forth, to pay for any loss or damage resulting from the perils of fire, theft or collision of the automobile therein described to the extent of its actual value, with a $50.00 deduction from collision loss. The insured automobile was described in said policy as a Ford, 1940

yearly model, 4-door Sedan, Motor No. M. 131765. Among the conditions set forth in said policy it was provided in effect that when a loss occurred thereunder the named insured should (a) protect the automobile at the expense of the company and any further loss resulting from failure to protect the salvage should not be recoverable under the policy; (b) give notice thereof as soon as practicable to the company or any of its authorized agents; and (c) "file proof of loss with the company within ninety-one days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at the time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property." It was also provided among such conditions that "payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until 30 days after proof of loss is filed and the amount of loss is determined as provided in this policy." It was further provided among the exclusions in such policy that it did not apply to coverage of loss or damage to the insured automobile resulting from theft, fire or collision "while the automobile is subject to any bailment, lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."

Upon the conclusion of the evidence the court below instructed the jury to return their verdict against the plaintiffs in so far as the Hartford Company was concerned. Appellant also seasonably presented its motion for a directed verdict in its favor upon the specific grounds that the evidence failed to show a compliance with the policy requirements relating to proof of loss and the protection of salvage, or proper identification of the damaged automobile as being the same automobile insured, or the amount of the loss and damage recoverable, if any, and because the damaged automobile was subject to bailment at the time the loss occurred. Appellant's motion was overruled and it excepted.

The court then submitted the case to the jury on three special issues, over the objection of appellant that the evidence was insufficient to raise either of such issues. In response thereto the jury found that (1) "the automobile found damaged by fire on the Klondyke Road was the same automobile mentioned in the policy issued by West American Insurance Company"; (2) "the reasonable market value of the automobile in question immediately before it was damaged by fire was $1150.00"; and (3) "the reasonable market value of the automobile in question immediately after it was damaged by fire, if it was, not including damages, if any, by stripping or theft, was $50.00." Appellant seasonably filed and duly presented its motion for judgment in in its favor notwithstanding the verdict upon the grounds that the pleadings, evidence and findings were insufficient to sustain any judgment against it. The court overruled this motion and rendered judgment against appellant as hereinbefore shown.

Before any correct judgment could have been rendered against appellant under the pleadings and evidence in this case, it was necessary for the policy as issued by appellant to be reformed so as to cover a Mercury automobile, rather than the Ford automobile as therein described. In order to have such policy so reformed, it was incumbent upon plaintiffs below to plead and prove by competent and clear evidence that the parties thereto mutually intended for such policy to cover a Mercury, rather than a Ford, and that such erroneous description was inserted in the policy as issued either as a result of fraud or mutual mistake. St. Paul Fire & Marine Ins. Co. v. Culwell, Tex.Com.App., 62 S. W. 100; Sun Oil Co. v. Bennett, Tex. Com.App., 125 Tex. 540, 84 S.W.2d 447;

Pegues v. Dilworth, Tex.Com.App., 134 Tex. 169, 132 S.W.2d 582; Home Ins. Co. v. Privitt, Tex.Civ.App., 120 S.W.2d 294, er. dis.

In our opinion the pleadings, evidence and findings of the jury were each and all, separately and collectively, insufficient to serve as the basis for a reformation of the policy sued upon. There was no pleading that the alleged erroneous description of the insured automobile was inserted in said policy as a result of fraud or mutual mistake. There was no evidence of any fraud on the part of appellant. There was no direct evidence as to what the intentions of Bridges in the transaction might have been. There was no evidence showing or tending to show that $22.00 was a proper premium rate for a 1940 Mercury under the coverage afforded by appellant's policy or that such sum was not a proper premium rate for a 1940 Ford. A proper premium rate was necessarily based in part upon the estimated actual value of the insured automobile at the time the policy was issued and it is a matter of common knowledge that a Ford automobile is not ordinarily of equal value with a Mercury automobile of the same yearly model. Moreover, the only automobile mentioned in the policy issued by appellant was a Ford. That being true, it appears to us that the finding of the jury in response to Special Issue No. 1, regardless of what its undisclosed intention might have been, was tantamount to a finding that the automobile damaged by fire on the Klondyke Road was a Ford. Not only was the finding as thus actually made without any support in the pleadings or the evidence, but it was contradictory to both.

Furthermore, even though the pleadings, evidence and findings had been sufficient to authorize a reformation of the contract sued upon, before any correct judgment could have been rendered against appellant on the policy as reformed it was necessary under the pleadings and the conditions precedent set forth in the policy for the plaintiffs below to establish by competent evidence either that proof of loss was filed with appellant by Bridges, Fulfer or appellee in substantial compliance with the terms of the policy, or that appellant had waived such policy requirement by a denial of liability. Couch on Insurance, Vol. 7, Sec. 1513; Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W. 2d 244, pts. 13 and 14; Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210, pts. 4–8; Federal Union Ins. Co. v. Hardin, Tex.Civ.App., 115 S.W.2d 1144; Superior Lloyds of America v. Boesch Loan Co., Tex.Civ.App., 130 S.W.2d 1036.

There was no evidence that Bridges, Fulfer or appellee, or anyone acting for either of them, ever filed or attempted to file any sworn or written proof of loss with appellant. There was evidence that several days after June 23, 1945, the sheriff of Johnson County discovered a Mercury automobile on the Klondyke Road which had apparently been wrecked and damaged to some extent by fire; that he verbally reported his discovery to Fulfer who, in turn, made a verbal report thereof to appellant's local agent at Cleburne, and to the president of appellee at Rio Vista; that the local agent wrote Craven, Dargan & Co. at Huston concerning the matter; that a Mr. Grammar thereafter went to Cleburne and sought to contact Fulfer for the purpose of discussing the claimed loss with him but was unable to do so; and that the president of appellee talked with Grammar through the long distance telephone at some time within ninety-one days after the occurrence of the loss about adjusting the claim, advising Grammar that "we were going to have to do something about it if he couldn't adjust it, and he said, 'well, I guess you will just have to do it', and that was all."

The evidence shows that the president of appellee was also the local agent of the Hartford Company. Grammar was connected with what is known as the Fire Companies Adjustment Bureau at Fort Worth, but we doubt whether the competent evidence was sufficient to show that the Bureau or Grammar was employed by appellant to act as its agent or that Grammar was authorized on appellant's behalf to admit,

deny or adjust its liability, if any, for the claims here asserted. However, be that as it may, we do not think Grammar's verbal statements as testified to by appellee's president were sufficient to constitute a denial of liability on the part of appellant so as to waive the policy requirement with reference to the filing of proof of loss. In all events, the evidence in that regard came solely from an interested witness and it could at best only raise an issue of fact, the establishment of which was essential to sustain any recovery against appellant. Since no such issue was submitted to the jury or requested by appellee, it must be regarded as having been waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Rule 279, T.R.C.P.

█ It also appears to us, both from the pleadings of the plaintiffs below and the undisputed evidence adduced upon the trial, that the Mercury automobile which Fulfer sold to Bridges on October 14, 1944 was subject to bailment at and prior to the time when such automobile was taken from Nelson's possession on June 23, 1945. The evidence shows that immediately after Bridges had wrecked and abandoned such automobile on March 10, 1945, Fulfer talked with the president of appellee in order to determine what action should be taken and appellee's president suggested that Fulfer have the automobile repaired;

that Fulfer thereupon arranged with Nelson to repair the automobile; and that the automobile thereafter remained continuously in the possession of Nelson until it disappeared from his home during the night of June 23, 1945. Since the loss and damage for which recovery is sought was sustained while the automobile was subject to such bailment, such loss and damage was expressly excluded by the terms of appellant's policy from the coverage thereby afforded. There was no pleading or evidence that appellant had waived such policy provision or that it was in anywise estopped from asserting the same as a complete defense against the recovery sought by appellee, and we see no valid reason why such policy provision should not be given that legal effect under the established facts in this case. Couch on Insurance, Vol. 5, Sec. 975; Royal Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 184 S.W.2d 936, er. ref.

Further discussion of the other grounds upon which appellant based its motions for verdict and judgment, or of the other points upon which the appeal is predicated, would serve no useful purpose. Because we have concluded that the court below erred in overruling appellant's motion for a directed verdict and its motion for judgment notwithstanding the verdict, that part of the judgment which awarded a recovery to appellee is reversed and judgment is here rendered that appellee take nothing herein as against appellant.