## MOSZKOWICZ

v.

## A. B. LEWIS CO. et al.

No. 3163.

Court of Civil Appeals of Texas.

Waco.

May 13, 1954.

Rehearing Denied June 10, 1954.

Peter P. Cheswick, Houston, for appellant.

Collier & Pepper, Houston, for appellees.

HALE, Justice.

A. B. Lewis Company, a corporation, herein after called the Company, instituted this suit against appellant on November 2, 1951 for judgment on a promissory note and foreclosure of a chattel mortgage. In its original petition, the Company alleged in substance that on June 19, 1951 appellant entered into an agreement with Texas Engine Service to change the motor and re-place certain parts in his 1948 model Kaiser sedan automobile; that on June 22, 1951, in pursuance of such agreement, appellant executed and delivered to Texas Engine Service his promissory note payable to its order in the sum of $537.60 and a chattel mortgage covering his Kaiser automobile as security for the payment of such note; that the note was payable in 12 monthly installments of $44.80 each, the first installment to become due 30 days after the date of the note and a like installment to become due each month thereafter; that the note provided for accelerated maturity at the option of its holder in the event of failure to pay any installment when due; that Texas Engine Service duly assigned the note and chattel mortgage to the Company, and on October 29, 1951 the Company exercised its option to declare the entire amount of the note due because appellant had failed to make any payment on the same. The Company prayed that it have judgment against appellant for $537.60 with interest thereon at the rate of 10% per annum from October 29, 1951, as provided in the note sued upon, together with a foreclosure of its chattel mortgage lien against the Kaiser automobile.

At the time the Company filed its original petition, it also caused a writ of sequestration to be issued, commanding the sheriff of Harris County to take the Kaiser automobile into his possession. The writ was returned by the sheriff with the statement endorsed thereon that on November 7, 1951 appellant had refused to surrender the automobile to him. On January 3, 1952, an alias writ of sequestration was issued without any additional bond and on January 5, 1952, the sheriff made his return thereon stating that he had seized the automobile and was holding it in his possession, subject to the further orders of the court. On January 15, 1952, the Company executed and delivered to the sheriff a replevy bond in the sum of $1,000, conditioned as required by law, and upon approval of the same the sheriff delivered the automobile to the Company.

Appellant answered the suit of the Company with a sworn denial that he executed the note or mortgage sued upon and a verified plea that the note and mortgage

were unenforceable by reason of a partial failure of consideration. He also impleaded Harry Hartley, d/b/a Texas Engine Service, hereinafter referred to as Hartley, and by way of cross-action against the Company and Hartley he sought actual and exemplary damages against both on extensive allegations set forth in his cross-complaint. The Company filed a motion to strike the cross-action, which was overruled, and it then answered the cross-complaint with a general denial. The Company did not file any further pleadings in the cause.

The case was tried before a jury, beginning on June 1, 1953. The attorneys for the Company called appellant as the first witness. He testified in substance, among other things, that he paid $1,300 for the Kaiser automobile in 1950; that the car was in first class condition on June 19, 1951, except for the motor; that Hartley offered on the latter date to replace the motor with another reconditioned motor for $239.50, to install a new battery for $18.50 and to allow him to pay for the same in 15 monthly installments; that he accepted Hartley's offer and left the car with him for the purpose of having the motor exchanged and the battery installed in accordance with their agreement; that when he returned for his car after the motor had been exchanged and the new battery installed, Hartley requested him to sign three or four sets of papers to evidence his indebtedness; that he signed the papers without reading all of them or having them read to him. He identified his signature on a copy of the note and mortgage described in the Company's petition which was exhibited to him and introduced in evidence but stated that when he discovered the holder of the note and mortgage was claiming that he owed $537.50 payable in 12 monthly installments he refused to pay the same but offered to pay the $258 which he owed. He identified a letter to him from the Company's attorney dated November 9, 1951, reading in part as follows: "Unless you reveal the whereabouts of this mortgaged property, (meaning the Kaiser automobile) it is our intention to file criminal charges against you for concealing mortgaged prop-

erty. Will you please be guided accordingly." This letter was introduced in evidence.

The Company's collection manager testified that after the Kaiser automobile had been delivered to the Company on January 15, 1952 by the Sheriff of Harris County under the replevy bond, he caused certain repairs to be made on the car at an expense of $151.85 and thereafter, on January 28, 1952, the Company disposed of the car by selling it to O. L. Davis for the sum of $795.

Upon the conclusion of all the evidence the court below peremptorily instructed the jury to return its verdict in favor of the Company upon the latter's original petition and also upon the cross-action of appellant and to find that appellant take nothing by his cross-action. The jury duly returned its verdict in accordance with the court's instructions.

On June 29, 1953, the court rendered judgment in favor of the Company against appellant for the sum of $42.76, to be enforced by writ of execution, but the judgment did not dispose of the Company's plea for a foreclosure of its chattel mortgage lien. From the recitals contained in the judgment, it appears that the same was based upon the following considerations: the principal amount of the note sued upon was $537.60, the accrued interest thereon at the rate of 10% per annum from October 29, 1951 to the date of trial was $84.96, the amount expended by the Company for repairs on the automobile was $151.85, and the amount of court costs incurred in the cause was $63.35, making a total of $837.76. From this total amount the court deducted $795 received by the Company from the sale of the automobile, thus leaving a balance of $42.76 due by appellant, for which judgment was rendered. On July 3, 1953, the court rendered judgment dismissing Hartley as a cross-defendant from appellant's cross-action. Appellant has appealed from each of these judgments.

Under the 13 points upon which the appeal is predicated, appellant says the trial judge erred in peremptorily instructing the jury as he did and in rendering judgment

disposing of the case in the manner above indicated. After a careful inspection of the record, we have concluded that these contentions must be sustained.

█ The judgment which the court rendered in favor of the Company against appellant does not conform to the pleadings in the case or to the verdict of the jury, as required by Rule 301, TRCP. The cause of action asserted by the Company in its trial petition was for debt and a judicial foreclosure of its alleged chattel mortgage and not for a deficiency judgment against appellant for the amount due after subjecting the mortgaged property to a non-judicial foreclosure. The verdict of the jury was a general verdict in favor of the Company on its "original petition." In our opinion, the judgment is not only without support in the pleadings but it is in irreconcilable conflict with the cause of action asserted by the Company in its original petition. As said by this court in the case of Eubanks v. Akers, 197 S.W.2d 370, 371: "It has long been the settled law of this state that a judgment which is without any support in the pleadings, or is contradictory thereof, is as fatally defective and erroneous as is a judgment without evidence or one that is contrary to established facts. Milliken v. Smoot, 64 Tex. 171; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d 1009; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130."

█ The chattel mortgage here sued upon authorized the mortgagee, at its option, to foreclose its mortgage lien, subject to the terms and conditions therein specified, either by judicial or non-judicial action. These alternative methods of foreclosure were inconsistent remedies available to the mortgagee. By resorting to and receiving the benefits of the judicial proceedings to which we have referred, the Company not only elected to exercise its asserted right to a. judicial foreclosure but it thereby waived any right it might have had to resort to a non-judicial foreclosure so long as the automobile remained in its possession by virtue of the writ of sequestration and replevy

bond. Cameron v. Hinton, 92 Tex. 492, 49 S.W. 1047; Mosher Mfg. Co. v. Eastland W. F. & G. R. Co., Tex.Civ.App., 259 S.W. 253, er. ref.; McWhorter v. American Nat. Life Ins. Co., Tex.Civ.App., 125 S.W.2d 1104, Pt. 2 and authorities. Furthermore, the chattel mortgage provides for 10 days' notice of sale to be posted at three public places in the event of non-judicial foreclosure, and we find no evidence that any such notice was given by the Company of the sale it made of the automobile on January 28, 1952. Indeed, the record does not show that appellant had any notice whatsoever, either actual or constructive, by pleadings or otherwise, of any intention or effort on the part of the Company to sell the automobile until the Company's collection manager testified during the trial that it had been sold to O. L. Davis for the sum of $795 on January 28, 1952. Therefore, we think the trial court erred by holding as a matter of law that the sale of the automobile by the Company to O. L. Davis for $795 was a valid sale, and by basing his judgment in part upon that holding.

█ We find no provision in the chattel mortgage which authorized the Company to expend $151.85 or any other sum for repairs on the automobile after it came into the Company's possession and charge the same as a debit against appellant's indebtedness to it. The item of accrued interest on the note sued upon at the rate of 10% per annum from October 29, 1951 to the date of trial, in the sum of $84.96, is erroneous, we think, because the Company received $795 on January 28, 1952 from the sale of appellant's automobile, and in no event would it be entitled to recover interest on the note after that date.

Although it is not clear from the record why the court below rendered judgment on June 29, 1953 in favor of the Company against appellant on the original petition of the former and the cross-action of the latter, and rendered another judgment on July 3, 1953 dismissing Hartley as a cross-defendant from appellant's cross-action, we assume that the trial court intended to sever the cause of action asserted by appellant against

552

the Company from the action asserted against Hartley. We do not deem it necessary to discuss further the unusual proceedings disclosed by this record. Because of the errors which we have discussed, both of the judgments appealed from will be reversed and all asserted causes of action herein will be remanded to the court below for another trial not inconsistent with the views we have expressed.

Reversed and remanded.