**Paulino VIGIL et ux., Appellants,**

v.

**Antonio ELIZONDO et ux., Appellees.**

**No. 6883.**

Court of Civil Appeals of Texas, El Paso.

Nov. 14, 1979.

Goodman & Cronfel, Ada Cronfel, Laredo, for appellants.

Person, Whitworth, Ramos, Borchers & Morales, George J. Person, Laredo, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

For the reason that the judgment rendered is not supported by the pleadings, this summary judgment case must be reversed.

Appellees, as buyers, brought this suit for specific performance for conveyance of two lots described as Lots 17 and 18 in Pecan Acres Subdivision, Laredo, Webb County, Texas. They attached their contract of sale to their petition and prayed for its specific performance. Among other things, Defendants/Appellants imposed the defense that the contract had been modified by oral agreement to be Lots 18 and 19. On Appellees' motion for summary judgment, the parties presented conflicting evidence of both written and oral agreements concerning the sale, including the identity of the land. The Court granted partial summary judgment in favor of the Plaintiffs, ordering Defendants to execute a warranty deed to Plaintiffs conveying Lots 18 and 19; and

an order of severance of other matters made the partial summary judgment final.

We sustain Appellants' first point of error that the trial Court erred in rendering summary judgment for Plaintiffs for Lot 18 and 19 because Plaintiffs sued for title to Lots 17 and 18 and the judgment is therefore not supported by the pleadings. It is well settled that a court may not grant relief not supported by pleadings or prayer. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130 (1942); *Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens*, 372 S.W.2d 572 (Tex.Civ.App.—Houston 1963, no writ); *Tharp v. Blackwell*, 570 S.W.2d 154 (Tex.Civ.App.—Texarkana 1978, no writ); *Huddleston v. Fergeson*, 564 S.W.2d 448 (Tex.Civ.App.—Amarillo 1978, no writ); Rule 301, Tex.R.Civ.P.

A case not unlike the one before us is the early case of *Community of Priests of Saint Basil v. Byrne*, 236 S.W. 1016 (Tex.Civ.App. —Austin 1921), reversed on other grounds 255 S.W. 601. There, it was held that a plaintiff suing on one contract cannot recover upon a different contract set up by the defendant in the pleadings as the true contract unless plaintiff's pleadings fairly embrace the contract set up by the defendant.

The judgment of the trial Court is reversed and the cause is remanded for trial on the merits.

WARD, Justice, concurring.

I concur that the judgment must be reversed and the cause remanded. The Appellants contend that Lots 18 and 19 were substituted for the Lots 17 and 18 as pled by the Appellees in their suit for specific performance. The trial Court has agreed with the Appellants, and has ordered specific performance of Lots 18 and 19. The Appellants have no ground to complain because of the defect in the Appellees' pleading, and the judgment should not be reversed because of that complaint.

The Appellants' real complaint is that the trial Court is ordering specific performance in the face of the Appellants' summary judgment proof that the Appellees have not yet performed their agreement in accordance to the terms of the final contract between the parties. If, at a trial, the Appellants establish their contention, then the conveyance of Lots 18 and 19 should not be decreed, as the obligation to perform on the part of the Appellants is conditional according to their summary judgment proof. 52 Tex.Jur.2d Specific Performance sec. 150 at 697. Before the Appellees can then obtain their specific performance, they must perform all of their obligations under the contract or tender performance. *Young v. City of Pearland, Brazoria County*, 425 S.W.2d 391 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).