### NORTH TEXAS BUILDING & LOAN ASS'N v. OVERTON et al.

#### No. 3959.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1936.

Rehearing Denied Feb. 10, 1936.

Bert King, of Wichita Falls, for appellant.

E. L. Klett and Geo. R. Bean, both of Lubbock, for appellees.

HALL, Chief Justice.

This case was sent to the Supreme Court for answer to the questions hereinafter set out upon the following statement of the case:

"The appellee Overton owned lot 20 in block 46, Overton addition to the town of Lubbock. On June 26, 1928, he conveyed it to A. W. May by warranty deed which retained the vendor's lien to secure six notes of $100 each. Two of the six have been paid, and the last four are the basis of this suit by Overton.

"December 31, 1928, May and wife conveyed the property to J. W. Baze. On January 31, 1929, Baze and wife executed a mechanic's lien contract with G. H. Hughlett, which provides for the erection upon said lot by Hughlett of a six-room residence and other improvements. On March 28, 1929, Overton executed an agreement that, in consideration of benefits to be derived by him from the erection of improvements on the property, he subordinated his lien securing his six notes to the mechanic's lien which had been executed by Baze and wife. Thereafter Baze and wife conveyed the property to W. E. White, by warranty deed dated May 24, 1929, which shows that the grantee executed two notes payable to Baze and assumed Overton's vendor's lien notes and the $5,000 evidenced by the note payable to the appellant company. The residence was built upon the lot while it was owned by Baze, and on April 20, 1929, Baze and wife filed their written acceptance of the improvements and their acknowledgment that the building had been completed in accordance with the plans and specifications. After White purchased the property and assumed the indebtedness against it, he defaulted in the payment of Overton's notes and in his payments to the appellant company. After some negotiations between

the parties, during which the appellant, on February 5, 1932, wrote White proposing to 'accept a deed from yourself and wife in cancellation of the indebtedness due us,' White and wife conveyed the property to the association on February 5, 1932, by warranty deed, which recites the consideration as follows:

" '10.00 and other valuable considerations to us paid and secured to be paid by North Texas Building & Loan Association, a corporation, as follows: Ten and no/100 dollars cash in hand paid, the receipt of which is hereby acknowledged and confessed and the cancellation of a certain deed of trust note dated April 17, 1929 in the sum of Five Thousand and no/100 dollars as set forth and described in deed of trust recorded in Vol. 56, page 545, deed of trust records of Lubbock County, Texas, which deed of trust was executed by J. W. Baze and wife Annie L. Baze to A. C. Estes, Trustee.'

"After the execution of this conveyance, Overton filed suit upon the four unpaid vendor's lien notes, making May, Baze, White, and the North Texas Building & Loan Association parties to the suit.

"The association answered and filed its cross-action as the owner and holder of the mechanic's lien debt in the sum of $5,000, praying that its mechanic's lien be decreed to be first and superior, and that it be foreclosed against the premises.

"Upon a trial to a jury only this issue was submitted: 'Do you find by a preponderance of the evidence that the North Texas Building & Loan Association intended to cancel the $5,000.00 note and lien in exchange for the deed of conveyance from the defendant, W. E. White?'

"This was answered in the affirmative, and the court rendered judgment against the association and in favor of Overton, foreclosing his lien as the superior lien upon the premises.

"The association did not plead that the deed which it accepted from White and wife, and in which the consideration expressed is that it is for the purpose of canceling the $5,000 note and mortgage, was executed through fraud, accident, or mistake.

"Because the members of the court are not in accord upon the decisive issues involved, we certify to your honors the following questions:

"(1) Is the consideration recited in White's deed to the association contractual?

"(2) May the testimony introduced upon the question of the association's intention as to merger be considered in support of the verdict of the jury?

"(3) If the consideration set out in White's deed is not contractual, was evidence to show the intention of the association in taking the deed admissible in the absence of a plea of fraud, accident, or mistake?

"(4) Is the recitation in White's deed to the effect that it was accepted in cancellation of the debt conclusive upon the issue of the association's intention?"

In answer to the certified questions, the Supreme Court has said that the effect of the acceptance of the deed by the association was to release Baze and White from all liability on the note, and that it was not entitled to judgment against them; that the consideration recited in the deed, except the payment of $10 cash, is contractual and cannot be contradicted or added to by parol evidence. In determining the question of merger, the Supreme Court says it is immaterial as between the senior and junior lienholders whether the mortgagee retains the note and mortgage in his possession or surrenders them to the mortgagor, also whether the deed of conveyance from the mortgagor to the mortgagee recites that the cancellation of the note and mortgage was a part of the consideration for the conveyance; that a rule penalizing the mortgagor and the mortgagee for surrendering the property in consideration of the cancellation of the notes would be contrary to our policy that litigation is not to be encouraged; that Overton has suffered no injury by reason of that transaction, but is in the same position as if there had been a foreclosure without having made him a party to the suit; that his equity of redemption still exists, but that his lien is not elevated to first place.

In the motion for rehearing, the appellant calls our attention to the fact that Dr. Overton testified that, when the appellant presented him a release to be signed, he did not contend that his lien was superior to that of the appellant, nor could any such contention have been made in the face of his agreement, supported by sufficient consideration, that his lien should

be subordinated to the lien of the appellant. He further testified that he did not want to protect the vendor's lien which he had subordinated, and that he did not want the property if he had to take care of the indebtedness against it; that at that time he did not want to question the appellant's lien which he had recognized all the years unless that lien was paid off; that on March 8, 1932, he did not intend to protect the property by assuming to take it subject to the appellant's indebtedness against it; that he did not want it that way; and that, up to the time that White conveyed the property to the North Texas Building & Loan Association, he never recognized or insisted that the association had ever promised to pay his debt against the property, but, when he learned that White had conveyed the property to the association, it looked to him like his lien was a first lien, and he filed suit for that reason.

While, as stated, Dr. Overton still had the equity of redemption, his failure to insist upon it and to make a tender of the prior indebtedness is sufficient to show an abandonment of the right. 29 Tex.Jur. 1007, § 162; 41 D.C. 942, § 1376. In the original opinion we reversed and remanded the case upon the theory that he might still endeavor to redeem, but, so far as the record shows, he is maintaining the same position; that is, he is that the property is not worth both liens against it, and that he would not pay off the appellant's indebtedness against it and accept title. We are therefore urged in the motion to reverse our former judgment and render judgment finally for the appellant. No reason is shown why he should be given a further option in the matter.

The Supreme Court says: "It has been many times stated that the intention of the mortgagee [with reference to the merger] is the determining factor. In this state that rule, in its literal meaning, is inaccurate, for it is presumed, as a matter of law, that he intended to keep the estates separate, if that course is essential to maintain his priority over a junior incumbrancer."

In the case of R. B. Spencer & Co. v. May (Tex.Civ.App.) 78 S.W.(2d) 665, 667, it appears that Terry conveyed 115 acres of land to one May, retaining a vendor's lien. May then conveyed 57½ acres of the tract to another May, who executed to Spencer & Co. a materialman's lien. Thereafter both the Mays, being unable to pay the purchase-money notes, reconveyed the land to Terry. It was said in that case that he conveyed the land to Terry in satisfaction of the indebtedness evidenced by the vendor's lien notes, and Terry accepted the deed with full knowledge of the existence of the mechanic's lien. Spencer & Co. made the same contention as here, that is, that there was a merger of the vendor's lien with the superior title to the property when it was reconveyed, the effect of which was to extinguish the vendor's lien, and as a consequence the appellant's mechanic's lien became a first lien on the 57½ acres of land. In disposing of the contention the court said: "Such rule is based on a fiction to which resort may be had when necessary in order to do complete justice between the parties; but resort should not be had thereto when the application of such principles would result in the creation of rights or obligations not contemplated by the parties nor justified by any consideration."

As stated by the Supreme Court, whenever by reason of the existence of a junior encumbrance it is to the interest of the first mortgagee to keep the estates separate, they will not be regarded as merged because it would be more just to keep the two estates separate. To declare a merger in this case would mean a loss of $600 to the appellant, and would, in effect, give Overton's lien priority. We think the pleadings and the facts show that Overton is estopped to claim anything as against the appellant.

The original opinion is therefore withdrawn, and judgment will be here rendered foreclosing the appellant's lien and that Overton take nothing. Yett v. Houston Farms Development Co. (Tex.Civ. App.) 41 S.W.(2d) 305; Silliman v. Gammage, 55 Tex. 365; York v. Robbins (Tex. Com.App.) 255 S.W. 720; 41 C.J. 688, § 780; C. M. Hapgood Shoe Co. v. First National Bank, 23 Tex.Civ.App. 506, 56 S.W. 995; Jones on Mortgages, vol. 2, §§ 1080, 1089, and 1109; 2 Pomeroy's Equity Jurisprudence, p. 1614, § 788.

Reversed and rendered.