BANCROFT v. WELCH et al.

No. 2936.

Court of Civil Appeals of Texas. Eastland.

May 30, 1952.

Rehearing Denied June 27, 1952.

A. J. Smith, Jr., Smith & Smith, Anson, for appellant.

McMahon, Springer, Smart & Walter, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by C. V. Welch, C. A. White and I. Cohen against Kenneth Bancroft, to remove an alleged cloud from the title to an oil, gas and mineral leasehold estate in a tract of land in Jones County, Texas, and in the alternative, to fix and foreclose a drilling and materialman's lien against Bancroft's one-tenth interest therein. Upon a trial before the court without a jury, plaintiffs were denied recovery on their claim for removal of cloud from title but were granted judgment foreclosing their drilling and materialman's lien against Bancroft's undivided interest in the leasehold estate. Bancroft has brought this appeal.

The evidence shows that E. H. R. Sabens, the then owner of the leasehold estate in question, during the year 1948 entered into an oral contract with the J. C. Drilling Company for the drilling of an oil well upon the property and that such well was drilled to completion. On June 29, 1948, and within the time prescribed by law, J. C. Drilling Company filed its drilling and materialman's lien in the County Clerk's office in Jones County, Texas, in the sum of $15,883.84. On June 14, 1948, Sabens conveyed to Bancroft an undivided one-tenth interest in the leasehold estate.

Thereafter, J. C. Drilling Company filed suit against Sabens in the District Court of Jones County to foreclose its said lien and an agreed judgment was entered foreclosing the lien as against Sabens. Bancroft was not made a party to that suit and the judgment therein did not provide for foreclosure of the lien against his interest in the lease. The leasehold estate was then sold at Sheriff's sale by the order of the court and was bid in by J. C. Drilling Company who thereafter assigned the lease and all rights thereunder to plaintiffs herein.

After the filing of the drilling and materialman's lien in question, and before suit was filed against Sabens, to foreclose the lien, Sabens made a payment of $3,361.-89 on the amount due, as shown by the allegations of the pleadings filed against him. The evidence shows that the contract between J. C. Drilling Company and E. H. R. Sabens was an oral one by the terms of

which the drilling company was to drill an oil well on the tract of land in question and receive in payment therefor $3 per foot for the first 2,000 feet drilled and the sum of $3.50 per foot thereafter, and to furnish all pipe, casing, tubing and equipment for putting said well on pump; that the total price under the contract for the completion of the well was $15,883.84.

The affidavit for drilling and material-man's lien alleged the contract and used the following language in describing or itemizing the claim against Sabens:

"* * * to furnish all equipment of every kind and character, drilling rig, all casing, pipe, tubing, line and rod for the purpose of drilling and equipping the operation of a well for oil and gas purposes on the above described lands to a certain horizon depth or to production at a stipulated price for drilling of $3.00 per foot for the first 2,000 feet and $3.50 per foot for the remaining feet drilled and to furnish all pipe, casing, tubing and rod and equipment for putting said well on pump and said total contract price is $15,883.84 for the completion of said well as heretofore set out."

In the account attached to the affidavit the claim was described as follows:

"For furnishing all machinery, tools, labor and expenses, casing, pipe, rod and tubing, drilling and completing, putting in operation an oil well on the D. C. Willmon land consisting of 53⅓ acres off East end of NW ¼ of Sec. 33, Blk. 15, T. & P. Ry. Co. Land, Jones County at an agreed stipulated price of $15,883.84."

In point one, appellant urges that the court erred in permitting the drilling and materialman's lien to be admitted in evidence and in point two contends that such lien was based upon an oral contract and was not properly itemized and that the court, therefore, erred in rendering judgment foreclosing same.

The objections and exceptions to the introduction in evidence of the drilling and materialman's lien upon which appellant's first two points are based are, in substance, as follows: first, because no notice of the filing of such lien or of the intention to file same was given to appellant; and, second, that since the indebtedness which such lien was filed to secure arose by virtue of an oral contract the lien was not properly itemized as to the various costs and charges of tools, equipment, fuel and expenses as to the amount of labor, as to the kind and amount of materials or as to the price per foot for the materials. Appellant further objected to the introduction of such lien because the same was not itemized as to the offsets and payments showing the dates, the amounts of payments and because same does not comply with the terms of subdivision 2, Art. 5453, Vernon's Annotated Revised Civil Statutes.

The J. C. Drilling Company was an original contractor on the drilling job in question. Article 5453, supra, does not require an original contractor to give notice of the filing or of the intention to file his lien. Article 5461, Vernon's Annotated Revised Civil Statutes specifically exempts an original contractor from the requirement of notice of filing a lien in such cases.

The judgment here appealed from did not hold the lien valid as to any costs or charges for tools, equipment, fuel, casing or other materials. The portion of the lien held valid by the court covered only the charge made under the contract for drilling the well. The lien as filed specifically stated the date upon which drilling operations commenced, the date upon which such well was completed, the total footage drilled and the amount per foot charged for drilling. This was sufficient itemization for that portion of the lien. It set out facts necessary for the establishment and description of the amount due and the lien with such particularity that the owner of the property and others could understand the basis of the claimed lien and ascertain whether or not the account was correct. Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063; Royal Indemnity Co. v. American District Steam Co., Tex. Civ.App., 88 S.W.2d 1091 (W.Dis.); Hill v. The Praetorians, Tex.Civ.App., 219 S.W. 2d 564 (W.Ref. N.R.E.).

Appellant contends in his third point that the court erred in rendering

judgment for appellees because such judgment was not supported by appellees' pleadings as plaintiffs in the trial court. The case was tried upon plaintiffs' first amended original petition and the prayer therein, after asking for removal of cloud from title, was as follows:

"* * * in the alternative, plaintiffs pray that they have judgment against said defendant for the sum of $1,252.19, together with interest thereon at the rate of 6% per annum from April 14, 1948, being the proportionate share of the above mentioned debt attributable to the undivided interest in question in case there be any equity of redemption which might be exercised by said defendant, and for the foreclosure of the lien on the above described property and premises as against said defendant and order of sale and for all costs of suit and for such other and further relief at law and in equity, both general and special, to which the plaintiffs may show themselves entitled."

Appellant contends that such pleadings, as an alternative to the relief of removal of cloud, asked for a foreclosure of appellees' lien only in the sum of $1,252.19 and that there was no basis therein for the judgment rendered foreclosing such lien against appellant's undivided interest in the leasehold in the amount of $5,821.52. In our opinion, this contention is well taken. The body of appellees' petition as plaintiffs nowhere alleged facts which showed appellees were entitled to the foreclosure of their lien against Bancroft's undivided interest in the leasehold in the amount of $5,821.95. Such petition did show that appellees' lien attached to the leasehold, and alleged the foreclosure of the lien against Sabens and his interest in the leasehold estate in the amount of $12,521.95 by judgment in the District Court of Jones County. It further alleged that in accordance with said judgment, said leasehold estate was duly advertised for sale as required by law and was sold as under execution by the sheriff of Jones County to the J. C. Drilling Company, the highest bidder therefor; that "the amount of the proceeds from such sale, after paying the costs incurred, were credited on the amount due under said judgment as required by law." Appellees were entitled to foreclose their lien against Bancroft's undivided interest in the leasehold estate to the full extent of their deficiency judgment against Sabens shown to be covered by such lien but only to that extent. In order to show their right to such a foreclosure, it was incumbent upon them to allege facts showing the amount of such deficiency judgment then outstanding and unpaid. No such facts were alleged in their petition. At no place in their petition is there an allegation as to the amount of the sale price obtained for such leasehold estate, the amount which was credited on the judgment or the amount of deficiency remaining due and unpaid upon said judgment after such credit was made. Appellees were entitled to foreclose their lien against Bancroft's undivided interest only to the extent of the amount due upon said judgment after all payments and credits were deducted. The petition as indicated does not allege the amount credited to the judgment by reason of the above foreclosure and sale nor does it indicate whether or not any other payments or credits have been made thereon. Appellees' right to recover was limited to the allegations in their petition. Even if, as they contend, their alternative prayer for foreclosure was not limited to any specific amount, their right to recover was not thereby enlarged, but was still confined to the facts alleged. In our opinion, the judgment was not supported by appellees' pleadings. Murphy v. Bain, Tex.Civ.App., 142 S.W.2d 598; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Eubanks v. Akers, Tex.Civ.App., 197 S.W.2d 370.

■ The original debt due J. C. Drilling Company by E. H. R. Sabens was $15,883.84. After the lien in question was filed for record, but before the filing of either foreclosure suit, a credit of $3,361.89 was made upon the indebtedness, leaving a balance of $12,521.95 for which amount suit was brought and judgment taken against Sabens

personally as well as for foreclosure of the lien in question.

The trial court, in the instant case, held appellees' lien valid to the extent of $6,224, apparently on the theory of drilling 2,064 feet at $3 per foot for the first 2,000 feet and $3.50 per foot thereafter. All of the balance of the original lien was held by the court to be invalid. It is urged in appellant's fourth point that the court erred in rendering judgment for appellees and failing to apply the $3,361.89 payment to the satisfaction of that portion of the lien held valid by the trial court instead of to the indebtedness as a whole. We cannot agree with this contention. There was no evidence showing that Sabens directed how the payment should be applied when he made same and appellant who paid no part of the sum had no right to control the application thereof. In the absence of such direction the J. C. Drilling Company had the right to apply the payment as it desired and the court did not err in assuming and in effect holding that such payment was applied to that portion of the indebtedness other than that secured by a valid lien. 32 Tex.Jur., p. 679; Powers v. McKnight, Tex.Civ.App., 73 S.W. 549; Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corporation, Tex.Civ.App., 165 S.W.2d 221.

It is contended in appellant's fifth point that appellees' right, if any, to foreclose the lien against his interest in the lease was barred by virtue of Art. 5526, Vernon's Annotated Revised Civil Statutes of Texas; that the indebtedness secured by the lien in question was earned under an oral contract and suit was not brought until more than two years after April 14, 1948, the date of the completion of the well. No personal judgment was granted in this cause against appellant Bancroft, but only a foreclosure of appellees' lien against his undivided interest in the lease. The suit against Sabens, however, was brought within two years after April 14, 1948. In such suit judgment was sought and obtained against Sabens personally for the debt as well as for foreclosure of the lien. The bringing of such suit against Sabens tolled the operation of the statute upon the original cause of action against him and also stayed the operation of such statute upon appellees' right to foreclose their lien upon the leasehold estate including Bancroft's undivided interest therein, since Bancroft was not an innocent purchaser for value. The point is overruled. King & Fordtran v. Brown, 80 Tex. 276, 16 S.W. 39; Adams v. Edmonds, Tex.Civ.App., 159 S.W. 2d 197.

For the reasons indicated the judgment is reversed and the cause remanded.