## BANCROFT v. WELCH et al.
### No. 2998.

Court of Civil Appeals of Texas. Eastland.
May 15, 1953.

Rehearing Denied June 5, 1953.

Smith & Smith, Anson, for appellant.

McMahon, Springer, Smart & Walter, Abilene, for appellees.

LONG, Justice.

This suit was brought by appellees against appellant, to remove cloud from title to a tract of land in Jones County and in the alternative, to fix and foreclose a drilling and materialmen's lien against a one-tenth interest owned by appellant in said land. On a trial before the court without a jury, appellees were denied recovery on their claim for removal of the cloud from title but were granted judgment foreclosing their drilling and materialmen's lien against an undivided one-tenth interest owned by Bancroft. This judgment was by this court reversed and remanded for a new trial because of the insufficiency of the pleadings. Bancroft v. Welch, Tex.Civ.App., 250 S.W.2d 285. The case was again tried before the court without a jury and resulted in a judgment for appellees, foreclosing their lien. Appellant has again appealed.

In 1948, E. H. R. Sabens, the then owner of the leasehold estate involved, entered into an oral contract with J. C. Drilling Company for the drilling of an oil well on the property. This well was drilled to completion. On June 29, 1948, within the time prescribed by law, J. C. Drilling Company filed its drilling and materialmen's lien in the office of the County Clerk in Jones County in the sum of $15,883.84. On June 14, 1948, Sabens conveyed to appellant Bancroft an undivided one-tenth interest in the leasehold estate involved. Thereafter, J. C. Drilling Company filed suit against Sabens

in the District Court of Jones County and judgment was entered foreclosing the lien against Sabens. Bancroft was not a party to this suit. The leasehold estate was sold at sheriff's sale and was bid in by J. C. Drilling Company who thereafter assigned all their right, title and interest in the lease to appellees.

By his first point, appellant contends the trial court erred in permitting the introduction in evidence of the judgment obtained by J. C. Drilling Company against Sabens for the reason that the ownership of the judgment was not shown to be in appellee. As far as we have been able to determine, appellant did not object to the introduction of the judgment on this ground and, therefore, no error is shown in this point.

By point 2, appellant asserts the trial court erred in rendering judgment for appellees for the reason that the ownership of the deficiency judgment sought to be foreclosed was not in appellees. We do not agree with this contention. Appellees introduced in evidence a conveyance from J. C. Drilling Company to them which shows that the same transferred all right, title and interest of the drilling company in the leasehold estate. J. C. Drilling Company was at that time a lien holder in possession. When J. C. Drilling Company filed its drilling and materialmen's lien with the County Clerk in Jones County, said lien being filed within the time and in the manner provided by law, it related back to the date on which the work under the contract was completed. It was, therefore, prior in time to the assignment of the undivided one-tenth interest in the lease to appellant. We hold that the lien of J. C. Drilling Company was superior in all respects to the claim of appellant to the one-tenth interest in the lease. It is our opinion that the conveyance from J. C. Drilling Company to appellees passed not only the legal title which the drilling company had in the lease, but also all of its equitable title, including the deficiency judgment, together with the lien securing same. 14 Tex.Jur. 941; Silliman v. Gammage, 55 Tex. 365; Spencer & Co. v. May, 78 S.W.2d 665; North Texas Building & Loan Ass'n v. Overton, Tex.

Civ.App., 91 S.W.2d 429. Appellant's point 2 is overruled.

By point 3 appellant contends the court erred in rendering judgment for appellees because the evidence was not sufficient to show that all legal offsets and credits had been made upon the debt and lien.

By point 4 appellant contends the court erred in rendering judgment for appellees for the reason that it was shown that the deficiency judgment sought to be foreclosed was by the owner fully released and discharged prior to the suit against appellant. We do not agreed with either of these contentions. There was introduced in evidence partial releases of the judgment obtained by J. C. Drilling Company against E. H. R. Sabens. The evidence is sufficient to support the trial court's implied finding that these releases, all except the last one, were executed by the drilling company as an accommodation to Sabens and without any consideration being paid therefor. The final release which attempted to release the entire judgment and stated therein that the judgment had been paid by Sabens to J. C. Drilling Company, was executed after the assignment of the leasehold interest and all rights thereunder to appellees. If we be correct in our holding that the assignment from the drilling company to appellees of the lease also transferred all of the interest of the drilling company in the deficiency judgment and the liens securing same, then in that event the drilling company had no power to release the lien.

Appellant makes the contention in point 5 that the trial court erred in decreeing foreclosure of the lien without ordering the whole of the property sold for the reason that he was not bound by the previous judgment of the court to which he was not a party. It is true appellant was not a party to the suit between J. C. Drilling Company and Sabens. Appellant was not a necessary party to that action. However, appellees were entitled to foreclose their lien against the interest of Bancroft in the leasehold estate to the extent of the deficiency judgment against Sabens which was shown to be covered by such lien. Under this point appellant further contends that there are

four other persons owning a one-tenth interest in the property and that no judgment or foreclosure has ever been ordered as against their interest. Appellant at no time made any attempt to make these persons parties to this suit. Consequently, his complaint relative thereto comes too late. We have carefully considered all points of error presented and find no merit in any of them.

The judgment of the trial court is affirmed.