## BANDERA DRILLING CO., INC., Appellant,

v.

## E.J. LAVINO, II, Robert W. Twiford, Robert W. Henderson, and Reliance Trusts, Appellees.

### No. 11–91–001–CV.

Court of Appeals of Texas, Eastland.

Feb. 6, 1992.

Marc McBeath, Law Offices of Harris & McBeath, Abilene, for appellant.

Elizabeth Gilday, Dallas, for appellees.

OPINION

ARNOT, Justice.

Bandera Drilling Co., Inc. (hereinafter "Bandera"), brought suit for foreclosure of a statutory mineral lien [1] against the operator and working interest owners under an oil, gas, and mineral lease. The trial court rendered summary judgment in favor of the working interest owners, E.J. Lavino, II; Robert W. Twiford; Robert W. Henderson; and Reliance Trusts, appellees.[2] We reverse and remand.

---

1. TEX.PROP.CODE ANN. § 56.002 (Vernon 1984).

2. Computech Energy & Exploration, Inc. and Pyramid Drilling, Inc., two of the original defendants in this case, have been severed and are

On October 18, 1985, Computech Energy & Exploration, Inc. (hereinafter "Computech") contracted with Bandera to drill certain wells designated as the "King 2–S" and "King 3–S" wells in a part of the west half of Section 71, Block 19 of the T & P Ry. Co. Survey in Taylor County, Texas. The wells were drilled and completed in October and November of 1985. Computech was the sole record owner of the leasehold interest at the time the work was completed by Bandera. Computech assigned working interests to the various appellees on January 10, 1986. This assignment was recorded in the county clerk's office on the same day, January 10, 1986. On March 18, 1986, within the six-month time limit,[3] Bandera filed an affidavit claiming a mechanic's and materialman's lien against Computech's interest in all of Section 71, Block 19 of the T & P Ry. Co. Survey in Taylor County. Appellees were neither named as owners in the affidavit nor were they sent notice of the affidavit.

In eight points of error, appellant, Bandera, argues that the trial court erred in granting summary judgment for appellees. Although it also moved for a summary judgment, Bandera does not complain of the trial court's failure to grant its motion; therefore, this Court cannot render judgment but can only remand the cause.

When reviewing a summary judgment, this Court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–9 (Tex.1985).

Bandera urges in its first point of error that, as a matter of law, it is a "mineral contractor."[4] It is undisputed that Bandera neither named the appellees as owners in the lien affidavit nor sent them any notice claiming a lien as to their interest prior to securing its lien. Appellees assert that, as to them, Bandera is a "mineral subcontractor"[5] and that, because they did not receive ten days notice,[6] Bandera's lien is not perfected as to their interest. Conversely, Bandera asserts that, as to the appellees, it is a "mineral contractor" and, therefore, that no notice was required to perfect its lien.

At issue is Bandera's relationship with the appellees: was Bandera a "mineral contractor" or a "mineral subcontractor?" We hold that, by definition, Bandera was a "mineral contractor" and that, under the statute,[7] Bandera had no duty to give notice to appellees prior to recording its affidavit to secure its lien. Section 56.001(2) defines a "mineral contractor" as:

[A] *person who performs labor* or furnishes or hauls material, machinery, or supplies used *in mineral activities under an express or implied contract with a mineral property owner* or with a trustee, *agent,* or receiver *of a mineral property owner.* (Emphasis added)

Bandera, the driller, was a "mineral contractor" who performed labor used in "mineral activities"[8] under an express contract

---

not parties to this appeal. The summary judgment is a final judgment.

3. TEX.PROP.CODE ANN. § 56.021 (Vernon 1984).

4. TEX.PROP.CODE ANN. § 56.001(2) (Vernon 1984).

5. TEX.PROP.CODE ANN. § 56.001(4) (Vernon 1984).

6. TEX.PROP.CODE ANN. §§ 56.021(b) & 56.022(b)(2) (Vernon 1984).

7. TEX.PROP.CODE ANN. §§ 56.021(a) & 56.022(a) (Vernon 1984).

8. TEX.PROP.CODE ANN. § 56.001(1) (Vernon 1984).

with Computech, the operator, who was a "mineral property owner"[9] and an agent for the appellees, who were also "mineral property owners." At the time the services were performed, Computech was the sole "mineral property owner." Bandera's lien "relates back" to the date on which the work under the contract was performed. *Bancroft v. Welch*, 258 S.W.2d 406 (Tex. Civ.App.—Eastland 1953, no writ).

The dispute in a laborer's lien usually involves a conflict between two innocent parties: the laborer who has performed the work and has not been paid and the owner who has already paid someone else for the work. The statute, Chapter 56 of the Texas Property Code, is designed to protect laborers and materialmen. A "mineral subcontractor" is, by definition, a person who is employed by a "mineral contractor." Simply because Computech contracted for Bandera's services does not make Computech a "mineral contractor" in relation to the appellees. Merely because an additional party, Computech, exists between the laborer and some of the mineral property owners does not make Bandera a "mineral subcontractor" in relation to the appellees. *Trevor Rees–Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees–Jones, Trustee for Apache Services, Inc.*, 799 S.W.2d 463 (Tex.App.—El Paso 1990, writ den'd).

### McCARTY

The appellees argue that Bandera must give them the requisite "mineral subcontractor" notice,[10] citing *McCarty v. Halliburton Company*, 725 S.W.2d 817 (Tex. App.—Eastland 1987, writ ref'd n.r.e.), as authority. In their brief, the appellees state that:

> [They] read the facts and holding of the *McCarty* case to mean that the filing of the McCartys' assignment *prior to* the filing of the mineral lien affidavit, *but after* completion of the work ... either: 1) transformed the mineral contractor, C–C Tank [Tank Rental], into a mineral subcontractor or 2) required C–C Tank

[Tank Rental], as a mineral contractor, to meet the pre-filing notice requirements of a mineral subcontractor set forth in § 56.021(b) of the Texas Property Code as to the McCartys.

We disagree with the appellees' interpretation of *McCarty*. Nothing in the statute, Chapter 56 of the Texas Property Code, indicates that a lien claimant who falls within the definition of a "mineral contractor" will be transformed into a "mineral subcontractor"; nor does the statute require that a "mineral contractor" must comply with the notice required of a "mineral subcontractor."

In *McCarty*, the trial court considered the foreclosure by two lien holders of the entire leasehold estate. Max Walden Production, Inc. was the owner and operator of an oil and gas leasehold estate. As operator, Walden contracted with Halliburton Company and Colorado City Tank Rental Company, Inc. for work on this lease. Both Halliburton and Tank Rental performed their services prior to the time any assignments were made by Walden to any of its investors. After the work was completed but prior to the time the lien holders filed their lien affidavits, Walden assigned 1/64th of the leasehold to the McCarty family. Halliburton examined the public records and, prior to filing its lien affidavit, sent the McCartys a ten-day notice as if it were a "mineral subcontractor." Tank Rental did not search the records before it filed its lien and did not notify the McCartys. After both liens were filed, Walden made a conveyance to other investors.

The trial court held that: (1) Halliburton and Tank Rental could foreclose their liens as to the interest of Walden and all investors whose assignments were recorded after the liens were secured; (2) because it had notified them, Halliburton could foreclose as to the McCartys' interest; and (3) because it had not notified them, Tank Rental could not foreclose as to the McCartys' interest.

---

9. TEX.PROP.CODE ANN. § 56.001(3) (Vernon 1984).

10. TEX.PROP.CODE ANN. §§ 56.021(b), 56.-022(b)(2), & 56.023 (Vernon 1984).

In *McCarty*, Tank Rental appeared as an appellee. It did not bring a cross-point complaining of the trial court's ruling that, as a "mineral contractor," Tank Rental could not foreclose as to the McCartys' interest because it failed to notify them. Consequently, even though we affirmed the trial court's judgment in *McCarty*, that issue was not before this Court in that case.

In that opinion, we agreed with the trial court's finding that Halliburton and Tank Rental were "mineral contractors," and this Court noted that "Halliburton served notice upon all of the leasehold owners of record in compliance with Section 56.-021(b)" (which is for "mineral subcontractors"). There is no requirement under Chapter 56 of the Texas Property Code for a "mineral contractor" to give notice. At the time the work was ordered and performed, Walden was the sole mineral property owner. The fact that Halliburton gave notice out of an abundance of caution did not make Halliburton or Tank Rental a "mineral subcontractor."

The opinion in *McCarty* should be read in accord with our previous holding in *Bancroft v. Welch*, supra at 258 S.W.2d 406,[11] in which this Court considered the same issue before us in this case.

### CONSTRUCTIVE NOTICE

Appellees argue that Bandera had "constructive notice" of their leasehold interest because they had recorded their assignments prior to the recordation of Bandera's lien. The doctrine of "constructive notice" does not apply because Bandera, a "mineral contractor" by definition, is not required to give any notice.

While TEX.PROP.CODE ANN. § 56.-022(a)(1) (Vernon 1984) provides that the lien affidavit must include the name of the mineral property owner if known, Texas applies a "substantial compliance" rule.

*Texcalco, Inc. v. McMillan*, 524 S.W.2d 405 (Tex.Civ.App.—Eastland 1975, no writ). Had the legislature intended for all mineral property owners of record to be notified by a "mineral contractor" in order to secure the lien, then it would have so provided. Chapter 56 should be liberally construed for the protection of laborers and materialmen.

Further, the application of the "constructive notice" doctrine, in this instance, is inconsistent with the rule that the lien, for priority purposes, "relates back" to the time the work was performed, as stated in *Bancroft v. Welch*, supra at 258 S.W.2d 406, and is also inconsistent with the rule that mechanic's liens are of "equal dignity" as to other mechanic's liens. TEX.PROP. CODE ANN. §§ 56.003(a) & 56.004(b) (Vernon 1984).

Bandera's first point of error is sustained. Our holding on this point makes consideration of Bandera's remaining points of error unnecessary.

The judgment of the trial court is reversed, and the cause is remanded.

---

11. In an earlier appeal of *Bancroft v. Welch*, 250 S.W.2d 285 (Tex.Civ.App.—Eastland 1952, no writ) (reversed and remanded for sufficiency of the pleadings), this Court said:

The J.C. Drilling Company was an original contractor on the drilling job in question. Article 5453 [predecessor to 56.021 & 56.022] does not require an original contractor to give notice of the filing or of the intention to file his lien. Article 5461 [predecessor to 56.022 & 56.023] specifically exempts an original contractor from the requirement of notice of filing a lien in such cases.